IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| THOMAS F. SCHMIDT, | ) | CIVIL NO. 07-00356 HG-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS and/or OTHER ENTITIES 1-10, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation, | ) ) ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAMON L. SCHMIDT and LORINNA SCHMIDT, | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING FIDELITY'S MOTION FOR RECONSIDERATION OF ORDER DENYING FIDELITY NATIONAL TITLE INSURANCE COMPANY'S EMERGENCY MOTION FOR INSTRUCTIONS ON GARNISHEE SUMMONS AND ORDER, FILED SEPTEMBER 18, 2007, FILED NOVEMBER 28, 2008**

On November 28, 2008, this Court issued its Order Denying Fidelity National Title Insurance Company's Emergency Motion for Instructions on Garnishee Summons and Order, Filed

September 18, 2007 ("Order").[1]  Before the Court is Defendant/Counter Claimant/Third-Party Plaintiff Fidelity National Title Insurance Company's ("Fidelity") motion for reconsideration of the Order ("Motion for Reconsideration"), filed on December 1, 2008.  Plaintiff/Counterclaim Defendant Thomas F. Schmidt ("Thomas") and Third-Party Defendants Damon L. Schmidt and Lorinna Schmidt ("Damon and Lorinna") filed their respective memoranda in opposition on December 12, 2008, and Fidelity filed its reply on December 23, 2008.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal authority, Fidelity's Motion for Reconsideration is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The background that is relevant to the instant Motion for Reconsideration is set out in this Court's Order.

On September 18, 2007, Fidelity obtained a Garnishee

---

[1] The motion addressed in the Order will be referred to as the "Emergency Motion".  The Emergency Motion was filed on November 24, 2008 (dkt. no. 153).

Summons and Order for Hawaii Escrow & Title, Inc. ("Hawaii Escrow Garnishee Order"). [Garnishee Summons and Order (dkt. no. 27-14).] The Order noted that the Hawaii Escrow Garnishee Order states that the amount of Fidelity's claim subject to prejudgment garnishment is "$710,021.18, or any other sum up to the debt currently owed to Fidelity National Title Insurance Company, as determined by the Court". [Hawaii Escrow Garnishee Order at 1.] In the Order, this Court found that the $710,021.18 referred to the amount owed to Fidelity associated with its purchase of the promissory note and mortgage that Damon executed in favor of Clearwater Investments, LLC ("Clearwater Note and Mortgage"). The Court noted that a portion of this obligation had been satisfied and the remainder was scheduled to be satisfied from the proceeds of the pending sale that was the subject of the Emergency Motion. Thus, if the Court was to direct Hawaii Escrow to hold the disputed proceeds, it must be based on another claim that Fidelity had against Thomas, Damon, and/or Lorinna (collectively "the Schmidts"). This Court ruled that Fidelity did not have the required debtor-creditor relationship for garnishment as to the claims alleged in this action and that the Hawaii Escrow Garnishee Order did not apply to any amounts that Thomas and Lorinna owed to Fidelity as the subrogee of Option One Mortgage Corporation ("Option One").

In the instant Motion for Reconsideration, Fidelity

argues that this Court committed manifest error by ruling that:

-the amount subject to the Hawaii Escrow Garnishee Order referred to amounts owed to Fidelity pursuant to the Clearwater Note and Mortgage and the foreclosure thereof;
-Fidelity is not entitled to garnishment based on the amounts that it may recover from the Schmidts in this action;
-there is no debtor-creditor relationship between Fidelity and the Schmidts; and
-the amounts outstanding on Thomas and Lorinna's mortgage with Option One ("Option One Mortgage") are not subject to the Hawaii Escrow Garnishee Order.

In his memorandum in opposition, Thomas states that he agrees with the Order and argues that Fidelity failed to set forth sufficiently convincing legal or factual arguments that would justify reconsideration.[2]

In their memorandum in opposition, Damon and Lorinna argue that Fidelity failed to present any new facts, change in the law, or manifest error that warrants reconsideration. They argue that Fidelity only sought garnishment of the amount owed pursuant to the Clearwater Note and Mortgage. Even if Fidelity had sought garnishment of the amount owed pursuant to the Option One Mortgage, that debt has not been adjudicated and proven. They also seem to argue that mortgage broker Michael Nekoba may be liable to Option One, rather than Thomas and Lorinna, because he mistakenly refinanced the Property in the Option One Mortgage. Damon and Lorinna also argue that Fidelity obtained its

---

[2] Thomas also raises various arguments attacking the validity of the Clearwater Note and Mortgage. The Court declines to address those because they are not relevant to the Motion for Reconsideration.

garnishment orders before it asserted Option One's claims in the First Amended Counterclaim and First Amended Third Party Complaint. Damon and Lorinna further assert that the district judge ruled that only the deficiency judgment in the foreclosure of the Clearwater Note and Mortgage created the requisite debtor-creditor relationship for garnishment. Finally, Damon and Lorinna argue that, because Fidelity's Motion for Reconsideration is meritless, the Court should award the attorney's fees and costs that they incurred in responding to it.

In its reply, Fidelity essentially reiterates the arguments raised in the Motion for Reconsideration. In arguing that Fidelity has a debtor-creditor relationship with Thomas and Lorinna, Fidelity states that Thomas and Lorinna have been in default on the Option One Mortgage since September 1, 2006, and, as of December 5, 2008, Thomas and Lorinna owed $1,331,951.01 on the Option One Mortgage. [Reply at 8 (citing Tanner-Flores Decl. ¶¶5-6 (Doc. 158-3)).]

## **DISCUSSION**

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169,

1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.

I.      **Option One Mortgage**

The Hawaii Escrow Garnishee Order states that the amount of Fidelity's claim subject to prejudgment garnishment is "$710,021.18, or any other sum up to the debt currently owed to Fidelity National Title Insurance Company, as determined by the Court". [Hawaii Escrow Garnishee Order at 1.] Thus, to the extent that this Court ruled that any outstanding amounts owed under the Option One Mortgage, that finding was clearly erroneous. In order for the Hawaii Escrow Garnishee Order to apply, however, the debt must be for an ascertainable amount determined by the Court.

Fidelity is Option One's subrogee and assignee under the lender's title insurance policy that Fidelity issued to Option One. [Reply at 2 n.2 (citing Policy at 4, Exh. 40 to Fidelity's Concise Stat. in Supp. of Mtns. for Partial Summary Judgment, filed 11/24/08 (dkt. no. 158-43) ("Fidelity's Concise Statement")) (some citations omitted).] Contrary to Fidelity's arguments in the Motion for Reconsideration, the Order does not contest this fact. [Order at 7 n.3 ("The Court notes that Fidelity's position is that it is Option One's subrogee based on its purchase of the Clearwater Note and Mortgage and judgment in the associated Foreclosure Action. Pursuant to the terms of the

title insurance policy Fidelity issued Option One, as the subrogee, <u>Fidelity is entitled to litigate Option One's claims with regard to the Property</u>." (emphasis added)).]  This Court found only that there was no debtor-creditor relationship between Fidelity and Thomas and Lorinna with regard to any amounts that Fidelity may recover on its claims in this action.  [Order at 8.]

      Damon and Lorinna argue that the requisite debtor-creditor relationship does not exist with regard to the Option One Mortgage because there has been no judicial foreclosure.  The Court disagrees.  Although the district judge ruled that the deficiency owed by Damon after the foreclosure of the Clearwater Mortgage created the requisite debtor-creditor relationship, nothing in the district judge's order states that a deficiency in a judicial foreclosure is the **only** way to create the requisite debtor-creditor relationship.  [Order filed 11/26/08 (dkt. no. 171) at 28.]  This Court also rejects Damon and Lorinna's argument that there is no debtor-creditor relationship between Thomas and Lorinna and Fidelity, as Option One's subrogee, because Mr. Nekoba may be liable for mistakenly refinancing the wrong property.  Even assuming *arguendo* that Mr. Nekoba's mistake is actionable, arguably it should be Thomas and Lorinna who have a claim against him, not Fidelity or Option One.

      This Court therefore finds that there is a debtor-creditor relationship between Fidelity and Thomas and Lorinna

7

with regard to the Option One Mortgage.  This Court, however, has never determined the amount of that debt.  Fidelity now points to a declaration of Lydia Tanner-Flores, the Foreclosure Manager of American Home Mortgage Servicing, Inc., which merged with Option One on or about April 30, 2008.  Prior to the merger, she was employed with Option One.  [Decl. of Lydia Tanner-Flores at ¶ 1, Fidelity's Concise Statement.]  Her declaration, which is dated November 21, 2008, states that, as of December 5, 2008, Thomas and Lorinna will owe $1,331,951.01 on the Motion One Mortgage.[3]  [Id. at ¶ 6.]  Based on this evidence, this Court now FINDS that the amount owed by Thomas and Lorinna to Fidelity based on the Option One Mortgage is $1,331,951.01, as of December 5, 2008.  This Court further FINDS that the $1,331,951.01 is subject to the Hawaii Escrow Garnishee Order.

Fidelity disputes the following scheduled disbursements ("the Disputed Amounts"):

```
700. Total sales/broker commission . . .
     Division of commission (line 700) as follows:
701. $42,000.00      to Kona Realty, Inc.
```

---

[3] This Court notes that the Emergency Motion did not cite Ms. Tanner-Flores' declaration, which was available at the time. Fidelity filed the Emergency Motion and the Concise Statement on the same day.  Thus, the information in Ms. Tanner-Flores' declaration is technically not the proper subject of a motion for reconsideration because it is not newly discovered evidence.  The Court, however, will consider her declaration because the failure to do so would result in manifest injustice to Fidelity. Further, to the extent that the Concise Statement was filed in the district court and served upon the parties, they were not unfairly surprised by this information.

```
702.  $30,000.00      to Marco Polo Realty
. . . .
1300.            Additional settlement charges
. . . .
1309.            Payment per instructions to
                 Dubin Law Offices              75,000.00
1310.            Payment per instructions to
                 Bickerton Lee Dang Sullivan    46,637.90
1311.            Payment per instructions to
                 Hon. Allene Suemori            15,286.38
. . . .
1313.            Payment per instructions to     2,465.79
                 IRS
```

[A U.S. Dept. of Housing & Urban Development Estimated Settlement Statement, Exh. 1 to Emergency Motion ("Settlement Statement") at 2.] Fidelity asserts that Kona Realty, Inc. is controlled by Thomas and Marco Polo Realty is controlled by Lorinna. Fidelity argues that these disbursements reflect the Schmidts' desire to retain $70,000.00 of the purchase price without satisfying their outstanding obligations. Fidelity argues that none of the other disbursements are in satisfaction of a judgment, nor are they required by any lien or court order. Fidelity therefore contends that the Hawaii Escrow Garnishee Order takes precedence and requires Hawaii Escrow to hold the funds until further order of this Court.

        This Court agrees. The amount due to Fidelity pursuant to the Option One Mortgage exceeds the total of the Disputed Amounts. This Court therefore DIRECTS Hawaii Escrow to hold the Disputed Amounts pursuant to the Hawaii Escrow Garnishee Order until further order of the Court.

## II. <u>**Potential Recovery in This Action**</u>

To the extent that this Court directs Hawaii Escrow to hold all of the Disputed Amounts in satisfaction of the Option One Mortgage, it is not necessary to address whether Fidelity is entitled to garnishment based on amounts that it may recover from the Schmidts in this action.  In fact, the Disputed Amounts total a little more than $211,000, only a small portion of the amount owed to Fidelity under the Option One Mortgage.  There remains over $1 million that can be garnished pursuant to the Hawaii Escrow Garnishee Order.  In consideration of this fact, and in light of the conflicting legal precedent on this issue, this Court finds that it is not appropriate to address this issue in connection with the Motion for Reconsideration and the underlying Emergency Motion.

Federal Rule of Civil Procedure 64 allows for garnishment "or seizing a person or property to secure satisfaction of the potential judgment", in the manner provided by state law, unless a federal statute applies.  There is not applicable federal statute in the instant case.  Under Hawaii law, garnishment is available when "probable validity exists to sustain the validity of the creditor's claim [except where] any of the property or choses in the possession of the garnshiee is, to the same degree of certainty, exempt from execution."  Haw. Rev. Stat. § 652-1.5(d).  In issuing the Hawaii Escrow Garnishee

Order and in denying Damon and Lorinna's counter-motion seeking to vacate the Hawaii Escrow Garnishee Order, this Court found that probable validity existed. Damon and Lorinna's appeal of the order denying the counter-motion was denied. Thus, the Schmidts cannot now contest the existence of probable validity.

Hawaii law, however, also requires that a party seeking garnishment have a debtor-creditor relationship with an ascertainable amount owed. See Welch v. Woods, 47 Haw. 252, 254, 386 P.2d 886, 888 (1963); see also Frank F. Fasi Supply Co. v. Wigwam Inv. Co., 308 F. Supp. 59, 64 (D. Haw. 1969). Even if there is probable validity of a plaintiff's claims, in most cases it cannot be said that the plaintiff and the defendant have a debtor-creditor relationship for an ascertainable amount.[4] Thus, in most cases, Hawaii's requirement of a debtor-creditor relationship for an ascertainable amount seems to conflict with Rule 64's provision for garnishment of amounts that may be recovered in an action. As noted by Fidelity, Hawaii courts have not published any decisions interpreting §652-1.5(d)'s probable validity standard. [Reply at 4.] In the Court's view, this issue is best left for another time. In light of this Court's ruling regarding the amounts owed pursuant to Option One

---

[4] An example of the required debtor-creditor relationship for garnishment purposes would be a case the plaintiff seeks to enforce a contract with the defendant where the amount of the potential recovery is specified in the contract.

Mortgage, it is not necessary to resolve the conflict between Rule 64 and Hawaii caselaw to determine whether the Disputed Amounts held by Hawaii Escrow are subject to the Hawaii Escrow Garnishee Order.

Thus, although this Court reaffirms its finding that no debtor-creditor relationship exists between Fidelity and the Schmidts as to the amounts that Fidelity may recover in this case, this Court declines to address the issue whether such amounts are subject to the Hawaii Escrow Garnishee Order.

### **CONCLUSION**

On the basis of the foregoing, Fidelity's Motion for Reconsideration, filed December 1, 2008, is HEREBY GRANTED.  The Court FINDS that: the outstanding funds owed to Fidelity as the subrogee and assignee on the Option One Mortgage, in the amount of $1,331,951.01 as of December 5, 2008, are subject to the Hawaii Escrow Garnishee Order; and the Disputed Funds cannot be distributed as provided in the Settlement Statement at the closing of Escrow Number 7003557.  This Court HEREBY DIRECTS Hawaii Escrow & Title, Inc. to hold the amounts listed at Lines 701-02, 1309-11, and 1313 of the Settlement Statement until further order of the Court.

The Court also WITHDRAWS its prior finding that the amounts that Fidelity may recover from the Schmidts in this action are not subject to the Hawaii Escrow Garnishee Order.  The

Court, however, declines to rule upon this issue at this time.

      IT IS SO ORDERED.

      DATED AT HONOLULU, HAWAII, February 2, 2009.



     /S/ Leslie E. Kobayashi
     Leslie E. Kobayashi
     United States Magistrate Judge

**THOMAS F. SCHMIDT V. FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL., ETC.; CIVIL NO. 07-00356 HG-LEK; ORDER GRANTING FIDELITY'S MOTION FOR RECONSIDERATION OF ORDER DENYING FIDELITY NATIONAL TITLE INSURANCE COMPANY'S EMERGENCY MOTION FOR INSTRUCTIONS ON GARNISHEE SUMMONS AND ORDER, FILED SEPTEMBER 18, 2007, FILED NOVEMBER 28, 2008**