IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS F. SCHMIDT, | ) | CIVIL NO. 07-00356 HG-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS and/or OTHER ENTITIES 1-10, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation, | ) ) ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAMON L. SCHMIDT and LORINNA SCHMIDT, | ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER**
**<u>PERMITTING REOPENING OF DEPOSITION OF MICHAEL NEKOBA</u>**

Before the Court is pro se Plaintiff/Counterclaim Defendant Thomas F. Schmidt's ("Plaintiff") Motion for Order Permitting Reopening of Deposition of Michael Nekoba ("Motion"), filed on December 29, 2008. Defendant/Counter Claimant/Third-Party Plaintiff Fidelity National Title Insurance Company

("Fidelity") filed its memorandum in opposition on January 13, 2009. This matter came on for hearing on January 20, 2009. Plaintiff appeared and Lerisa Heroldt, Esq., appeared on behalf of Fidelity. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The instant case arises from the transfer of Lot 71B in the Kaloko II Subdivision in Kailua-Kona, a property specifically identified as Tax Map Key No. (3) 7-3-27-71(B) ("the Property"), from Third-Party Defendant Damon L. Schmidt ("Damon") to his parents, Plaintiff and Third-Party Defendant Lorinna Schmidt ("Lorinna"). On October 13, 2005, Plaintiff and Lorinna executed a $1,105,000.00 mortgage encumbering the Property from Option One Mortgage Corporation ("Option One" and "Option One Mortgage"). In connection with the Option One Mortgage, Fidelity issued a lender's title insurance policy to Option One. Due to an administrative error in its title search, Fidelity did not discover a prior mortgage by Clearwater Investments, LLC ("Clearwater Mortgage") or the fact that the Clearwater Mortgage had been foreclosed. According to Fidelity, Damon, Plaintiff, and Lorinna failed to disclose the Clearwater Mortgage and the foreclosure to Option One or Fidelity.

In the instant Motion, Plaintiff alleges that Michael Nekoba was Option One's agent in the Option One Mortgage transaction.  Fidelity deposed Mr. Nekoba on October 28, 2008.  Plaintiff's attorney at the time, Michael Goodheart, Esq., received notice of the deposition but did not appear.  Plaintiff was personally unaware of the deposition and did not learn about it until mid-December, after Mr. Goodheart's withdrawal, when he read excerpts from Mr. Nekoba's deposition submitted in support of Fidelity's motions for summary judgment, filed November 24, 2008.

Plaintiff apparently argues that, in addition to noticing the deposition to Mr. Goodheart, Fidelity should have informed Plaintiff personally because, on October 16, 2008, Plaintiff filed a motion to discharge Mr. Goodheart as his counsel.  That motion should have alerted Fidelity to the fact that Mr. Goodheart was not informing him about events in the case.

According to Plaintiff, Option One was on notice of the foreclosure on the Property because he informed Mr. Nekoba that he and Lorinna wanted to cover the foreclosure judgment with the proceeds from a series of loans.  Mr. Nekoba promised to coordinate loans on eight different properties to spread out the debt.  Mr. Nekoba, however, only refinanced one of the eight parcels, stating that the intended lender for the eight loans had

backed out.

    Plaintiff argues that he has the right to depose Mr. Nekoba to ask whether Mr. Nekoba informed Option One of the foreclosure and, if not, why he did not do so.  Further, Plaintiff wants to question him about the identity of the intended lender and its reasons for backing out because Plaintiff and Lorinna detrimentally relied on Mr. Nekoba's promise of eight separate loans.  Plaintiff reviewed the transcript of Mr. Nekoba's October 28, 2008 deposition and key matters were not addressed.  Plaintiff therefore argues that there are good grounds for the Court to grant leave to reopen Mr. Nekoba's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii).  Plaintiff contacted counsel for Fidelity and counsel for Damon and Lorinna to see if they would stipulate to Mr. Nekoba's further deposition, but they refused.

    In its memorandum in opposition, Fidelity argues that Plaintiff cannot establish good cause to reopen Mr. Nekoba's deposition.  Plaintiff had notice of Mr. Nekoba's October 28, 2008 deposition and it is Plaintiff who has impeded discovery in this case.

    Plaintiff's response to Fidelity's written discovery requests were five months late, and he only submitted them after being ordered to do so by this Court.  This impaired Fidelity's ability to depose the Schmidts and Mr. Nekoba.  Once Fidelity

4

began noticing depositions, Plaintiff impeded them.  The Schmidts' and Mr. Nekoba's depositions were originally scheduled for September 16 through September 19, 2008, but on September 15, 2008, Mr. Goodheart informed Fidelity's counsel that he was unavailable for any of those depositions because of a previously scheduled arbitration, and that Plaintiff would not appear for his deposition.  The parties were unable to agree on new deposition dates prior to the October 10, 2008 dispositive motions deadlines.

The parties submitted letter briefs to this Court and ultimately agreed to a deposition schedule, which the Court noted during the September 29, 2008 discovery conference.  The Schmidts and Mr. Nekoba were to be deposed from October 27 through October 30, 2008.  Fidelity served amended notices for these new dates.  Pursuant to Mr. Goodheart's request, Plaintiff's deposition was rescheduled from October 27, 2008 to October 31, 2008.  Fidelity served another amended notice for Plaintiff's deposition.

Mr. Goodheart contacted Fidelity's counsel on October 27, 2008 and stated that he would be withdrawing as Plaintiff's counsel.  He confirmed that Plaintiff had been advised of the depositions scheduled for that week.  Although Plaintiff apparently informed Mr. Goodheart that he did not want the depositions to go forward and Mr. Goodheart doubted that Plaintiff would appear at the October 31, 2008 deposition,

neither Mr. Goodheart nor Plaintiff requested a continuance. Plaintiff appeared during Damon Schmidt's deposition on October 30, 2008, notified everyone present that he would not appear for his deposition, and served a motion for protective order regarding his deposition.  Fidelity notes that it has still been unable to take Plaintiff's deposition.

Fidelity argues that Plaintiff has not established good cause to reopen Mr. Nekoba's deposition.  Fidelity properly served the notice of Mr. Nekoba's deposition on Plaintiff's counsel of record at the time.  According to Mr. Goodheart, he informed Plaintiff's of Mr. Nekoba's deposition.  Fidelity argues that Plaintiff was personally aware of the scheduled depositions, as evidenced by the fact that he appeared at Damon's deposition and he appeared at his rescheduled deposition on December 8, 2008.[1]  Fidelity emphasizes that Plaintiff, through counsel, agreed to the deposition schedule from October 27 to October 30, but he and Mr. Goodheart chose not to appear.

Fidelity also argues that Plaintiff's discovery tactics weigh against a finding of good cause.  Plaintiff and Plaintiff's prior counsel delayed and impeded several depositions in this case, including Mr. Nekoba's originally scheduled September 17,

---

[1] Plaintiff unilaterally terminated the deposition, complaining Fidelity had not responded to his discovery request. [Mem. in Opp., Exh. 12 to Decl. of Lerisa L. Heroldt at 8-9 (Thomas Schmidt Depo. Trans. 12/8/08).]

2008 deposition. Plaintiff also arguably tried to delay Mr. Nekoba's October 28, 2008 deposition because he told Mr. Goodheart that he did not want the depositions scheduled that week to go forward and Plaintiff refused to instruct Mr. Goodheart whether he should attend those depositions. Mr. Goodheart, however, informed Plaintiff that the depositions would proceed. Fidelity also notes that none of the examples of good cause listed in the advisory committee notes to Federal Rule of Civil Procedure 30(d) apply in this case.

Fidelity argues that Federal Rule of Civil Procedure 26(b)(2) requires the denial of the Motion. Plaintiff had ample opportunity to depose Mr. Nekoba himself since the commencement of this action and Plaintiff presents no new, relevant evidence that will be obtained from Mr. Nekoba. Plaintiff's Motion is based on his assumption that Mr. Nekoba was Option One's agent, but as Plaintiff's mortgage broker in the transaction, Mr. Nekoba was Plaintiff's agent, not Option One's. Fidelity emphasizes that Plaintiff has not alleged any claims against Mr. Nekoba.

Plaintiff primarily wants to depose Mr. Nekoba regarding the alleged attempts to refinance seven other properties and the identity of the originally intended lender for the eight mortgages. Fidelity argues that these topics are irrelevant and that Mr. Nekoba has already been questioned regarding Plaintiff's request for a loan against the Property and

about the course of the Option One transaction.  [Mem. in Opp., Exh. 9 to Decl. of Lerisa L. Heroldt (Michael Nekoba Depo. Trans.).]  Thus, the information sought in the reopened deposition is irrelevant, cumulative or duplicative, and unduly burdensome on Mr. Nekoba, a non-party.

## **DISCUSSION**

Federal Rule of Civil Procedure 30(a)(2) states, in pertinent part:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
> (A) if the parties have not stipulated to the deposition and:
> . . . .
> (ii) the deponent has already been deposed in the case[.]

The presumptive limit for the duration of a deposition is one day of seven hours.  See Rule 30(d)(1).  If a party seeks to exceed the presumptive limit, he "is expected to show good cause to justify such an order."  Fed. R. Civ. P. 30(d) advisory committee's note (2000 Amendment).  "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."  Rule 30(d)(1).  Examples that parties or the courts may consider in determining whether an extension of time is warranted include: a deponent who needs an interpreter; an examination that will cover events occurring over a long period of time; a deponent who reads

documents during the deposition because he failed to review them in advance; a deposition that revealed documents which were not produced and warrant further deposition after production; and the need for multiple parties to question a deponent.  See Fed. R. Civ. P. 30(d) advisory committee's note (2000 Amendment).

The factors in Rule 26(b)(2) that this Court must consider are:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In September 2008, Mr. Goodheart agreed to the October 28, 2008 deposition date for Mr. Nekoba.  Fidelity served the notice of the deposition on Mr. Goodheart.  In Mr. Goodheart's motion to withdraw as Plaintiff's counsel, which he signed on October 27, 2008, he stated that Plaintiff objected to the depositions noticed for the week of October 28, 2008, would not appear at his October 31, 2008 deposition, and refused to instruct Mr. Goodheart whether to appear for those depositions. [Attorney Michael R. Goodheart's Mtn to Be Relieved as Counsel

for Pltf & Counterclaim Def Thomas F. Schmidt, filed 10/29/08 (dkt. no. 145), at 2-3.] Plaintiff now claims that Mr. Goodheart did not inform him about the depositions scheduled for October 28 through October 31. Plaintiff stated during the hearing on the instant Motion that he appeared at Damon's deposition because he happened to run into Damon's counsel that day. Plaintiff claims that he was unaware of Mr. Nekoba's deposition until he read the transcripts in connection with Fidelity's motions for summary judgment. These assertions do not constitute good cause to reopen Mr. Nekoba's deposition.

   Mr. Goodheart was Plaintiff's counsel of record until this Court granted his motion to withdraw on December 10, 2008. Thus, Fidelity properly served notice of Mr. Nekoba's deposition on Plaintiff through counsel. Even though Mr. Goodheart planned to withdraw and claimed that Plaintiff objected to the depositions during the week of October 28, 2008, Mr. Goodheart neither requested a continuance nor filed a motion for a protective order. Further, at some point Plaintiff did learn of at least Damon's October 30 deposition and Plaintiff's scheduled October 31 deposition. On October 30, Plaintiff, stating that he was effectively acting pro se, filed a Motion for Protective Order to Preclude Fidelity National Title Insurance Company from Taking Plaintiff's Deposition on Unreasonably Short Notice, When His Counsel Has Abandoned Him and When He Has No Reasonable

Opportunity to Examine Fidelity's Records and for Sanctions. Thus, Plaintiff did, or could have learned about Mr. Nekoba's deposition the week that it occurred and Plaintiff could have sought relief from the Court. Neither Plaintiff nor Plaintiff's counsel took any action with regard to Mr. Nekoba's deposition and this weighs against a finding of good cause to reopen his deposition.

Further, as noted by Fidelity, because Mr. Nekoba was Plaintiff's mortgage broker in the Option One Mortgage transaction, Plaintiff should have known from the beginning of this action that Mr. Nekoba was a percipient witness who had information relevant to this case. Thus, Plaintiff could have noticed his own deposition of Mr. Nekoba at any time during the discovery in this case. Plaintiff had ample opportunity to obtain the information that he now seeks from Mr. Nekoba. See Fed. R. Civ. P. 26(b)(2)(C)(ii).

If there is relevant evidence that Plaintiff would like to obtain from Mr. Nekoba which was not addressed in his deposition, there are more convenient, less burdensome, and less expensive ways that he can obtain the information. See Rule 26(b)(2)(C)(i). Mr. Nekoba is neither a party in this case nor Fidelity's employee. Plaintiff is therefore free to contact Mr. Nekoba and ask him to prepare a declaration or affidavit discussing matters that were not addressed in the deposition.

Plaintiff could use the declaration or affidavit in connection with his memoranda in opposition to Fidelity's motions for summary judgment.  There is no indication that Plaintiff attempted to obtain the relevant information from Mr. Nekoba through such means.  This also weighs against a finding of good cause.

Having considered all of the relevant circumstances in this case, the Court finds that Plaintiff has not established good cause to reopen Mr. Nekoba's deposition.  In addition, this Court finds that reopening the deposition would be unduly burdensome to Mr. Nekoba, a non-party.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Order Permitting Reopening of Deposition of Michael Nekoba, filed December 29, 2008, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 3, 2009.



  /s/ Leslie E. Kobayashi          
Leslie E. Kobayashi
United States Magistrate Judge

**THOMAS F. SCHMIDT V. FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET; CIVIL NO. 07-00356 SOM-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR ORDER PERMITTING REOPENING OF DEPOSITION OF MICHAEL NEKOBA**