IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

THOMAS F. SCHMIDT,                )     CIVIL NO. 07-00356 HG-LEK
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )
                                  )
FIDELITY NATIONAL TITLE           )
INSURANCE COMPANY, a              )
California Corporation, JOHN      )
DOES 1-10, JANE DOES 1-10,        )
DOE CORPORATIONS,                 )
PARTNERSHIPS and/or OTHER         )
ENTITIES 1-10,                    )
                                  )
          Defendants.             )
_____  )
                                  )
FIDELITY NATIONAL TITLE           )
INSURANCE COMPANY, a              )
California Corporation,           )
                                  )
     Defendant/Third-Party        )
     Plaintiff,                   )
                                  )
     vs.                          )
                                  )
DAMON L. SCHMIDT and LORINNA      )
SCHMIDT,                          )
                                  )
     Third-Party Defendants.      )
_____  )

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
DENYING HIS MOTION FOR LEAVE TO DISMISS COMPLAINT PURSUANT TO
RULE 19(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE
ALTERNATIVE, TO AMEND THE COMPLAINT AND TO ADD DEFENDANTS**

          On January 5, 2009, this Court filed its Order Denying

Plaintiff's Motion for Leave to Dismiss Complaint Pursuant to

Rule 19(b) of the Federal Rules of Civil Procedure or, in the

Alternative, to Amend the Complaint to Add Defendants ("Order").

Before the Court is Plaintiff/Counterclaim Defendant Thomas F. Schmidt's ("Plaintiff") motion for reconsideration of the Order ("Motion for Reconsideration"), filed on January 20, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The Court and the parties are familiar with the procedural and factual background of this case and the Court will only discuss the events that are relevant to the instant Motion.

On July 3, 2007, Plaintiff filed the instant diversity action against Defendant Fidelity National Title Insurance Company ("Fidelity") alleging breach of contract and negligence. The Complaint also named Doe Defendants, but Plaintiff never amended his Complaint to identify them.  On July 25, 2007, Fidelity filed a Third-Party Complaint against Damon L. Schmidt and Lorinna Schmidt, as well as a Counterclaim against Plaintiff.

On June 24, 2008, the district judge issued an order granting Fidelity's Motion for Partial Summary Judgment Against Plaintiff/Counterclaim Defendant Thomas F. Schmidt on the Complaint, filed July 3, 2007 ("MSJ Order").  The district judge

2

dismissed Plaintiff's Complaint as to Fidelity with prejudice.
Only Fidelity's Counterclaim and Third-party Complaint remain.
[MSJ Order at 22.]

On November 24, 2008, Plaintiff filed his Motion for
Leave to Dismiss Complaint Pursuant to Rule 19(b) of the Federal
Rules of Civil Procedure or, in the Alternative, to Amend the
Complaint to Add Defendants ("Underlying Motion").  Plaintiff
asked the Court to dismiss the Complaint because the joinder of
necessary parties would destroy diversity jurisdiction.  In the
alternative, Plaintiff sought leave to add Option One Mortgage
Corporation, a California corporation, ("Option One") as a
defendant.

In the Order, this Court ruled that, to the extent that
Plaintiff sought to dismiss his claims against Fidelity, the
Underlying Motion was moot because the district judge had already
dismissed Plaintiff's claims against Fidelity.  Further,
Plaintiff could not add new claims against Fidelity because the
dismissal was with prejudice.  The Court also noted that, because
Plaintiff's Complaint did not allege any other claims besides his
claims against Fidelity and because the MSJ Order expressly
stated that only Fidelity's Counterclaim and Third-Party
Complaint remained, Plaintiff arguably could not add any new
parties.  Even if it was possible to add new parties, Plaintiff
would need to obtain an amendment of this Court's scheduling

order because the deadline to add parties and amend pleadings had
passed.  This Court found that Plaintiff did not establish good
cause to amend the scheduling order because Plaintiff was aware
of the facts which form the basis for his proposed claims against
Option One before he filed the original Complaint and he offered
no explanation why he did not seek to amend the Complaint
earlier.

In the instant Motion, Plaintiff argues that this Court
should have granted his request for Rule 19(b) relief because
Fidelity waived any objections by failing to address the issue in
its memorandum in opposition to the Underlying Motion.  He
contends that Rule 19(b) considerations continue to weigh in
favor of dismissal.  Plaintiff also argues that the district
judge's dismissal with prejudice did not preclude him from filing
an amended complaint in this action.  Plaintiff notes that he did
move for an amendment of the scheduling order on October 13,
2008, but this Court denied that motion without explaining why.
He argues that, if the motion was denied because he failed to
label it as a motion to amend the scheduling order pursuant to
Federal Rule of Civil Procedure 16, it was a manifest error of
law.  Plaintiff contends that the Order was an overuse of the
Rooker-Feldman doctrine[1] and that Fidelity's pending motions for

---

[1] The Rooker-Feldman doctrine, based on Rooker v. Fidelity
Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of
(continued...)

4

partial summary judgment did not automatically preclude him from amending his Complaint.

## DISCUSSION

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1. Plaintiff argues that reconsideration is necessary to correct clear error.

First, regardless of Fidelity's position on Plaintiff's Rule 19(b) argument, the effect of the dismissal with prejudice is that Plaintiff cannot amend his claims against Fidelity and cannot bring another lawsuit on the same claims. To the extent that Plaintiff contends that the dismissal should have been without prejudice, Plaintiff should have filed a motion for reconsideration of the MSJ Order. This Court cannot alter the district judge's ruling dismissing his case with prejudice.

---

[1](...continued)
Appeals v. Feldman, 460 U.S. 462 (1983), "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." Carmona v. Carmona, 544 F.3d 988, 995 (9th Cir. 2008) (citation omitted).

Plaintiff also notes that he moved for an amendment of the scheduling order when he moved to discharge his former counsel in October 2008, but the district judge denied the motion without an explanation. Plaintiff argues that the denial of that motion was manifest error. The district judge denied Plaintiff's motion with regard to the request to amend the scheduling order, ruling that it was an untimely appeal of an August 22, 2008 minute order that this Court issued. [Minute Order, filed 11/17/08 (dkt. no. 148).] Again, to the extent that Plaintiff takes issue with the district judge's ruling, he should have filed a motion for reconsideration of the Minute Order. Plaintiff offers no argument showing that the denial of the Underlying Motion's request to amend the scheduling order was manifest error.

Finally, this Court notes that the Order did not rely on the <u>Rooker-Feldman</u> doctrine and this Court did not rule that Fidelity's pending motions for summary judgment automatically barred any amendment of the Complaint. Plaintiff's argument on these issues is without merit.

This Court therefore finds that Plaintiff has not established any grounds warranting reconsideration of the Order.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration of Order Denying His Motion for Leave to Dismiss

6

Complaint Pursuant to Rule 19(b) of the Federal Rules of Civil Procedure or, in the Alternative, to Amend the Complaint and to Add Defendants, filed January 20, 2009, is HEREBY DENIED.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, February 5, 2009.



                              /S/ Leslie E. Kobayashi
                             Leslie E. Kobayashi
                             United States Magistrate Judge

**THOMAS J. SCHMIDT V. FIDELITY NATIONAL TITLE INSURANCE CO.; CIVIL NO. 07-00356 HG-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING HIS MOTION FOR LEAVE TO DISMISS COMPLAINT PURSUANT TO RULE 19(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, IN THE ALTERNATIVE, TO AMEND THE COMPLIANT AND TO ADD DEFENDANTS**