IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| THOMAS F. SCHMIDT,<br><br>     Plaintiffs,<br><br>   vs.<br><br>FIDELITY NATIONAL TITLE<br>INSURANCE COMPANY, a<br>California Corporation, JOHN<br>DOES 1-10, JANE DOES 1-10,<br>DOE CORPORATIONS,<br>PARTNERSHIPS and/or OTHER<br>ENTITIES 1-10,<br><br>     Defendants.<br>_____<br><br>FIDELITY NATIONAL TITLE<br>INSURANCE COMPANY, a<br>California Corporation,<br><br>   Defendant/Third-Party<br>   Plaintiff,<br><br>   vs.<br><br>DAMON L. SCHMIDT and LORINNA<br>SCHMIDT,<br><br>   Third-Party Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 07-00356 HG-LEK |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S MOTION TO STRIKE THIRD-PARTY DEFENDANTS
<u>DAMON L. SCHMIDT AND LORINNA SCHMIDT'S THIRD-PARTY COUNTERCLAIM</u>**

Before the Court is Defendant/Counterclaimant/Third-

Party Plaintiff Fidelity National Title Insurance Company's

("Fidelity") Motion to Strike Third-Party Defendants Damon L.

Schmidt and Lorinna Schmidt's Third-Party Counterclaim

("Motion"), filed on December 29, 2008. Third-Party Defendants Damon L. Schmidt and Lorinna Schmidt ("Damon and Lorinna") filed their memorandum in opposition on January 16, 2009, and Fidelity filed its reply on January 23, 2009. This matter came on for hearing on February 4, 2009. Appearing on behalf of Fidelity were Jade Ching, Esq., and Lerisa Heroldt, Esq., and appearing on behalf of Damon and Lorinna was Gary Dubin, Esq., and Frederick Arensmeyer, Esq. Also present was pro se Plaintiff/Counterclaim Defendant Thomas F. Schmidt ("Thomas"), who indicated that he had no objection to Mr. Dubin's position. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY FINDS AND RECOMMENDS that Fidelity's Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The instant case arises from the transfer of Lot 71B in the Kaloko II Subdivision in Kailua-Kona, a property specifically identified as Tax Map Key No. (3) 7-3-27-71(B) ("the Property") from Damon to his parents, Thomas and Lorinna. The Court and the parties are familiar with the procedural and factual background of this case and the Court will only discuss the events that are relevant to the instant Motion.

On July 3, 2007, Plaintiff filed the instant diversity action against Fidelity alleging breach of contract and

negligence.[1]  On July 25, 2007, Fidelity filed a Third Party Complaint against Damon and Lorinna, as well as a Counterclaim against Plaintiff.  On September 5, 2007, Damon and Lorinna filed their Answer to the Third Party Complaint, which did not include a third-party counterclaim against Fidelity.

This Court's October 11, 2007 Rule 16 Scheduling Order set the deadline to add parties and amend pleadings as February 8, 2008.  On May 22, 2008, this Court issued an order granting Fidelity's Motion to Amend the Rule 16 Scheduling Order to Allow Filing of the First Amended Counterclaim and First Amended Third Party Complaint ("Fidelity Motion to Amend").  The Fidelity Motion to Amend primarily sought to add a breach of contract claim and a breach of covenants claim to both the Counterclaim against Thomas and the Third-Party Complaint against Lorinna based on the alleged violation of the terms of the $1,105,000.00 mortgage encumbering the Property that Thomas and Lorinna executed in favor of Option One Mortgage Corporation ("Option One" and "the Option One Mortgage").  This Court stated that Fidelity was to file its First Amended Third-Party Complaint and First Amended Answer, which would include the First Amended Counterclaim, by June 2, 2008.  The Court did not otherwise change the deadline to add parties and amend pleadings.

---

[1] The district judge has since granted summary judgment in favor of Fidelity and dismissed Thomas' Complaint with prejudice.

Fidelity filed its First Amended Answer, First Amended Third-Party Complaint, and Amended Counterclaim on June 2, 2008. On July 25, 2008, Damon and Lorinna filed their Motion to Abstain by Either Dismissing Fidelity National Title Insurance Company's First Amended Pleadings Without Prejudice and Dismissing this Entire Action Without Prejudice, or in the Alternative, by Staying this Entire Action in Favor of the Two Related State Court Actions in the Third Circuit Court Pending Their Final Resolution, and for an Extension of Time to Respond to the First Amended Third Party Complaint until the Disposition of this Motion by this Court ("Motion to Abstain").  On October 31, 2008, the district judge issued an entering order stating that the Motion to Abstain was denied and that a written order would be issued.  The district judge's written order was issued on November 26, 2008.  It stated that Damon and Lorinna were to serve their responsive pleading to the First Amended Third-Party Complaint by December 10, 2008.

On December 8, 2008, Damon and Lorinna filed their Answer to the First Amended Third-Party Complaint, which included a Third Party Counterclaim alleging abuse of process against Fidelity.  It also included a jury demand.

In the instant Motion, Fidelity argues that Damon and Lorinna were required to seek leave of court to amend their Answer to the original Third-Party Complaint.  The fact that

Fidelity amended its Third-Party Complaint only gave Damon and Lorinna leave to amend their Answer to the extent necessary to respond to the new allegations.  Fidelity emphasizes that Damon and Lorinna's Motion to Abstain did not seek leave to add a third-party counterclaim.

Fidelity contends that the allegations in Damon and Lorinna's Third Party Counterclaim arise out of the same transaction or occurrence alleged in the original Third-Party Complaint.  Thus, their claim was a compulsory counterclaim which they were required to allege in their original Answer to the Third-Party Complaint.

Fidelity contends that the Third-Party Counterclaim must be dismissed because it will disrupt the case and cause undue delay.  The dispositive motions deadline has already passed, the discovery deadline is February 13, 2009, and trial is currently set for April 14, 2009.[2]

In their memorandum in opposition to the Motion, Damon and Lorinna argue that the Amended Third-Party Complaint alleged for the first time that Fidelity was entitled to damages based on the contract and tort claims of Option One.  They argue that they were not required to allege their counterclaim in response to the original Third-Party Complaint because, under the facts as pled,

---

[2] At the trial resetting conference following the hearing on the Motion, this Court reset the trial for October 6, 2009.

Fidelity had no standing to assert Option One's claims.  Further, the district court could not acquire jurisdiction over Option One, a California corporation.

In its reply, Fidelity argues that Damon and Lorinna cannot establish good cause to amend the scheduling order's deadline to amend pleadings because they had the information necessary to assert their Third-Party Counterclaim before the deadline passed.  The Third-Party Counterclaim is based on Fidelity's purchase of the Promissory Note and Mortgage against the Property that Thomas and Lorinna executed in favor of Clearwater Investments, LLC ("Clearwater Note and Mortgage"). Fidelity purchased the Clearwater Note and Mortgage in March 2006.  The Third-Party Counterclaim is also based on Fidelity's alleged delay of the sale in the state foreclosure action,[3] and Fidelity's garnishee orders in the instant case, which it obtained before the end of September 2007.  The fact that Damon and Lorinna failed to allege the counterclaim for more than a year indicates that it is a defense tactic, and their lack of diligence weighs against a finding of good cause to amend the scheduling order.

---

[3] In fact, Fidelity asserts that it was the Schmidts who delayed the auction because they did not cooperate and communicate with the commissioner.  In addition, Damon and Lorinna's counsel argued that the March 7, 2006 auction should be continued.  Even if Fidelity were responsible for the delay, all of the events relevant to the delay occurred before the February 8, 2008 deadline to amend pleadings.

Fidelity argues that, because Damon and Lorinna were required to include their counterclaim in their answer to the original Third-Party Complaint, they have to establish that it was omitted through oversight, inadvertence, or excusable neglect.  Fidelity argues that Damon and Lorinna cannot do so.

Fidelity also notes that, although Damon and Lorinna opposed the Fidelity Motion to Amend, they never sought leave to file a counterclaim in response to the proposed Amended Third-Party Complaint.  Damon and Lorinna were aware of the content of the proposed Amended Third-Party Complaint because it was attached to the Fidelity Motion to Amend.

## DISCUSSION

In the Fidelity Motion to Amend, Fidelity stated that the primary purpose of the amendments was to allege claims against Thomas and Lorinna "for breach of the Option One Mortgage and breach [sic] the covenants of title contained in the Option One Mortgage[.]"  [Mem. in Supp. of Fidelity Motion to Amend, filed 4/8/08 (dkt. no. 79-2), at 2.]  The First Amended Third-Party Complaint added the allegation that "Fidelity is subrogated to the rights of Option One pursuant to the Policy."  [Compare Third-Party Complaint, filed 7/25/07 (dkt. no. 5-3), at ¶ 17, with First Amended Third-Party Complaint, filed 6/2/08 (dkt. no. 99-3), at ¶ 19.]

Thus, to the extent that Damon and Lorinna's abuse of

process counterclaim relates to Fidelity's actions as Option One's subrogee litigating Thomas and Lorinna's liability under the Option One Mortgage, it is a proper response to the new claims in the First Amended Third-Party Complaint. To the extent that the claim relates to any of Fidelity's other actions, Damon and Lorinna would need leave of court to amend their Answer.

**I.      Response to the First Amended Third-Party Complaint**

In the Third-Party Counterclaim, paragraphs 3 to 33 contain the factual allegations which form the basis of Damon and Lorinna's abuse of process counterclaim. Paragraphs 3 to 7 discuss the original financing of the Property, before Thomas and Lorinna obtained the Option One Mortgage. Paragraphs 8 to 11 discuss the state action to foreclose on the Clearwater Mortgage ("Foreclosure Action"). Paragraphs 12 to 18 discuss the Option One Mortgage transaction and Fidelity's error in the title report connected therewith. Paragraphs 19 to 24 discuss Fidelity's purchase of the Clearwater Note and Mortgage. All of these factual allegations were, or should have been, known to Damon and Lorinna at the time they filed their original Answer to the Third-Party Complaint. They do not relate to Fidelity's amendment of the Third-Party Complaint to allege claims on Option One's behalf. Paragraphs 25 to 27 of the Third-Party Counterclaim discuss Fidelity's involvement in the Foreclosure Action. These allegations are not related to Fidelity's

prosecution of Option One's contract and tort claims in the instant action.  Thus, Damon and Lorinna's abuse of process counterclaim based on Fidelity's purchase of the Clearwater Note and Mortgage and its alleged delay of the foreclosure sale is not a proper response to the First Amended Third-Party Complaint.

Paragraphs 28 to 31 of the Third-Party Counterclaim allege that Fidelity abused the garnishee process in this case. The events surrounding the garnishment orders occurred after the filing of Damon and Lorinna's Answer to the original Third-Party Complaint.  Damon and Lorinna allege that the garnishment orders Fidelity obtained were based upon, *inter alia*, "false allegations that [Damon] owed Option One, who Fidelity purports to represent, over $1,000,000 in fraud damages for transferring [the Property] to his parents."  [Answer to First Amended Third-Party Complaint, Third-Party Counterclaim, filed 12/8/08 (dkt. no. 194-2) ("Third-Party Counterclaim"), at ¶ 30.]  This allegation addresses Fidelity's attempts to prosecute Option One's claims in this action.  Paragraph 30, however, refers to the basis of the garnishment orders, which Fidelity obtained in July 2007 and September 2007.  [Garnishee Summons and Order, filed 7/31/07 (dkt. no. 7-3); Garnishee Summons and Order, filed 9/11/07 (dkt. no. 24-14); Garnishee Summons and Order, filed 9/18/07 (dkt. no. 27-14).]  At the time they obtained the garnishment orders, Fidelity argued that they were based upon the damages that it may

9

recover in this action. Thus, even though Fidelity's Third-Party Complaint at the time did not allege that it was prosecuting claims on Option One's behalf as its subrogee, Fidelity was trying to assert Option One's rights when it obtained the garnishment orders. Damon and Lorinna were factually on notice of and could have alleged an abuse of process counterclaim based on the alleged abuse of the garnishment process prior to Fidelity's Motion to Amend. The Third-Party Counterclaim is not, therefore, a timely response to any new allegations in the First Amended Third-Party Complaint.

Paragraph 32 notes that Fidelity amended its Third-Party Complaint to assert Option One's claims. Damon and Lorinna argue that Fidelity did so to facilitate its garnishment relating to Lot 65A "for the collateral purpose of recovering the monies that it owed or paid to its insured, Option One, and to bring unfair pressure upon [Damon and Lorinna] to settle with Option One . . . ." [Third-Party Counterclaim at ¶ 33.] This Court FINDS that the allegations in paragraphs 32 and 33 are a proper response to the new claims in the First Amended Third-Party Complaint. Thus, Damon and Lorinna did not need to obtain leave of court to assert an abuse of process counterclaim based on these allegations. This Court RECOMMENDS that the district judge DENY the Motion with regard Damon and Lorinna's abuse of process counterclaim as it relates to the factual allegations in

paragraphs 32 and 33.

## II.  Leave of Court for Remaining Allegations

Damon and Lorinna were required to obtain leave of court to amend their original Answer to the Third-Party Complaint to allege an abuse of process counterclaim based on their other factual allegations.  This Court will construe Damon and Lorinna's various filings in this case and the arguments they made in connection with the instant Motion to be a request for leave to amend.

### A.  Federal Rule of Civil Procedure 16 Standard

The deadline to add parties and amend pleadings was February 8, 2008.  [Rule 16 Scheduling Order, filed 10/11/07 (dkt. no. 37), at 2.]  Thus, in order obtain leave to amend their original Answer, Damon and Lorinna were required to establish good cause to amend this Court's scheduling order.  See Fed. R. Civ. P. 16(b)(4) (stating that a scheduling order "may be modified only for good cause and with the judge's consent").  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc.,

975 F.2d 604, 609 (9th Cir. 1992)).  Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.

The factual allegations in paragraphs 3 to 24 of the Third-Party Counterclaim relate to events that occurred prior to the filing of the instant case and of which Damon and Lorinna had, or should have had, knowledge.  To the extent that Damon and Lorinna's abuse of process counterclaim is based on the allegations in paragraphs 3 to 24, they could have included it in their original Answer to the Third-Party Complaint.  Damon and Lorinna therefore were not diligent in prosecuting that aspect of the counterclaim.  The Court, however, acknowledges that some or all of the facts set forth in paragraphs 3 to 24 may have been included for background purposes only.  Thus, the inclusion of paragraphs 3 to 24 does not entirely dispose of the issue at hand.

Damon and Lorinna's abuse of process counterclaim is also based on Fidelity's involvement in the Foreclosure Action.  Damon and Lorinna allege that "Fidelity intentionally delayed the auction" in the Foreclosure Action.  [Third-Party Counterclaim at ¶ 25.]  Paragraph 27 of the Third-Party Counterclaim alleges that Fidelity delayed the foreclosure sale "for the collateral purpose

12

of enforcing what it argued was the debt to its insured, Option One, and to bring unfair pressure upon [Damon and Lorinna] to settle with Option One who was not even a party to the" Foreclosure Action.  At the hearing on the Motion, counsel for Damon and Lorinna represented that they did not have sufficient evidence to support the allegations in paragraph 25, and presumably paragraph 27, when they filed their original Answer to the Third-Party Complaint.  The primary source of the information that these allegations was based upon was the February 23, 2008 deposition of Daniel Paul Cawdrey, Sr.[4]  Damon and Lorinna also allege that "Fidelity recklessly intentionally [sic] sought and secured the garnishment of [Damon's] wages and property . . . ." [Third-Party Counterclaim at ¶ 28.]  They apparently argue that, prior to Mr. Cawdrey deposition, they did not have sufficient evidence to make this allegation.

      To the extent that Damon and Lorinna did not have sufficient evidence to support these allegations until after Mr. Cawdrey's deposition, they could not have asserted their abuse of process counterclaim in their original Answer to the Third-Party Complaint.  If they acted diligently in pursuing their abuse of process counterclaim after Mr. Cawdrey's deposition, there would arguably be good cause to amend the scheduling order.

---

[4] The transcript of Mr. Cawdrey's deposition is attached to Damon and Lorinna's Post Hearing Request for Judicial Notice, filed 3/10/08 (dkt. no. 68-2, 68-3).

Damon and Lorinna's counsel deposed Mr. Cawdrey on February 23, 2008.  At the hearing on the Motion, counsel for Damon and Lorinna argued that they needed time after the deposition to investigate Mr. Cawdrey's testimony.  Damon and Lorinna, however, could have immediately moved for leave to extend the deadline to add parties and amend pleadings based on the assertion that Mr. Cawdrey's testimony, if confirmed through other discovery, would support a new counterclaim for abuse of process.  Had they done so soon after the February 23, 2008 deposition, their request would have only been about one month after the expiration of the deadline to add parties and amend pleadings.

Assuming that counsel for Damon and Lorinna did take some time to investigate Mr. Cawdrey's testimony, they could have raised the issue in their opposition to the Fidelity Motion to Amend, which Damon and Lorinna filed on May 1, 2008.  They could have argued that, if the Court was inclined to allow Fidelity to amend its Third-Party Complaint, the Court should also allow them to amend their Answer in light of recently obtained evidence.  After Fidelity filed its First Amended Third-Party Complaint, Damon and Lorinna filed their Motion to Abstain, which included a request for extension of time to answer the First Amended Third-Party Complaint.  Damon and Lorinna could have included a request for leave to add the abuse of process counterclaim based on

recently obtained evidence.

Damon and Lorinna did none of these things. At the hearing on the Motion, counsel for Damon and Lorinna stated that, until Fidelity amended its Third-Party Complaint to expressly allege claims on behalf of Option One, they were prepared to proceed in this case without a counterclaim against Fidelity. This indicates that Damon and Lorinna made a tactical decision not to pursue their abuse of process counterclaim when they originally obtained evidence that they believed gave rise to the claim. This Court therefore finds that Damon and Lorinna were not diligent in pursuing their abuse of process counterclaim, as it relates to paragraphs 3 to 31 of the Third-Party Counterclaim.

At the hearing on the Motion, Damon and Lorinna argued that Fidelity would not be prejudiced by the "amendment" because the trial has been continued until October 6, 2009. Thus, there would be sufficient time for Fidelity to defend against the abuse of process counterclaim in its entirety. As stated above, however, the lack of prejudice to the non-moving party does not justify amending the scheduling order if the moving party was not diligent. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

This Court therefore finds that Damon and Lorinna have not established good cause to amend this Court's scheduling order to extend the deadline to amend pleadings.

B.   **Federal Rule of Civil Procedure 13**

Fidelity argues that Damon and Lorinna's abuse of process claim is a compulsory counterclaim that they were required to allege in their original Answer to the Third-Party Complaint.  Damon and Lorinna allege that it is a compulsory counterclaim that they were required to allege in their Answer to the First Amended Third-Party Complaint.  Insofar as the parties agree that the abuse of process claim is a compulsory counterclaim, this Court will assume that fact for purposes of the instant Motion.  The Court, however, emphasizes that it is not finding that the abuse of process claim is a compulsory counterclaim.

Federal Rule of Civil Procedure 13(a)(1) states the general rule for the assertion of compulsory counterclaims:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:
> **(A)** arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> **(B)** does not require adding another party over whom the court cannot acquire jurisdiction.

Rule 13(f) states: "The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires."

> While Rule 13(f) adds additional factors which a court may consider, both the amendment of

16

> pleadings and the addition of counterclaims have in common that they are permitted "when justice so requires." Thus, courts presented with motions for leave to amend a pleading to add an omitted counterclaim generally "adhere[ ] to the liberal amendment policy of Rule 15" in deciding whether to grant the requested leave. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1430 at 227 (2d ed.1990); see Intel Corp. v. Hyundai Elec. Am., Inc., 692 F.Supp. 1113, 1117 (C.D.Cal.1987) (in the patent infringement context, finding that identical reasons supported both addition of counterclaims and amendment of pleading). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda., 220 F.R.D. 614, 620 (C.D. Cal. 2003).

Damon and Lorinna do not allege that the abuse of process counterclaim was omitted because of oversight, inadvertence, or excusable neglect. In fact, it was apparently a tactical decision. Further, as discussed above, Damon and Lorinna unduly delayed in alleging the abuse of process counterclaim, as it relates to paragraphs 3 to 31. Damon and Lorinna therefore cannot establish that justice requires that this Court grant them leave to assert their abuse of process counterclaim. This Court therefore FINDS that leave to amend is not warranted under Rule 13(f) and RECOMMENDS that the district judge GRANT the instant Motion as to the abuse of process

counterclaim with regard to the factual allegations in paragraphs 3 to 31.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Fidelity's Motion to Strike Third-Party Defendants Damon L. Schmidt and Lorinna Schmidt's Third-Party Counterclaim, filed December 29, 2008, be GRANTED IN PART AND DENIED IN PART.  This Court RECOMMENDS that the district judge: GRANT the Motion and STRIKE the abuse of process counterclaim as to the factual allegations in paragraphs 3 to 31; and DENY the Motion as to the factual allegations in paragraphs 32 and 33.

If the district judge adopts this recommendation, this Court will issue an Amended Rule 16 Scheduling Order setting deadlines relevant to Third-Party Counterclaim.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, February 5, 2009.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**THOMAS J. SCHMIDT V. FIDELITY NATIONAL TITLE INS. CO.; CIVIL NO 07-00356 HG-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART FIDELITY NATIONAL TITLE INSURANCE COMPANY'S MOTION TO STRIKE THIRD-PARTY DEFENDANTS DAMON L. SCHMIDT AND LORINNA SCHMIDT'S THIRD-PARTY COUNTERCLAIM**