IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS F. SCHMIDT, | CIVIL NO. 07-00356 HG-LEK |
| Plaintiffs, | |
| vs. | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS and/or OTHER ENTITIES 1-10, | |
| Defendants. | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation, | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| DAMON L. SCHMIDT and LORINNA SCHMIDT, | |
| Third-Party Defendants. | |

**ORDER DENYING MOTION TO SUSPEND PRETRIAL**
**DEADLINES AND DENYING MOTION TO STRIKE**

Before the Court are: Third-Party Defendants Damon L. Schmidt and Lorinna Schmidt's ("Damon and Lorinna Schmidt") Ex Parte Motion to Suspend Pretrial Deadlines to Permit (1) Hearing of "Motion to Dismiss, for Fraud on the Court, Fidelity National Title Insurance Company's Counterclaim and Third-Party Complaint,

to Set Aside All Pre-Judgment Garnishee Orders, for an Award of Attorneys' Fees and Costs, and for the Issuance of an Order to Show Cause Why Fidelity National Title Insurance Company Should Not Be Held in Contempt of Court," and (2) Taking of Related Depositions ("Ex Parte Motion"), filed on May 26, 2009; and Defendant/Counter Claimant/Third-Party Plaintiff Fidelity National Title Insurance Company's ("Fidelity") Motion to Strike or, in the alternative, opposition to the Ex Parte Motion ("Motion to Strike"), filed on May 29, 2009.  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After careful consideration of the motions and the relevant legal authority, Damon and Lorinna Schmidt's Ex Parte Motion and Fidelity's Motion to Strike are HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case.  This Court will only recount the events that are relevant to the instant motions.

Trial in this matter is currently set for October 6, 2009.  The dispositive motions deadline was November 24, 2008, and the discovery deadline was March 30, 2009.  [Amended Rule 16 Scheduling Order, filed 2/10/09 (dkt. no. 248), at 2-3; Rule 16

Scheduling Order, filed 9/30/08 (dkt. no. 140), at 3.]  Fidelity filed three motions for summary judgment on November 24, 2008.  Fidelity's motions for summary judgment are currently pending before the district judge.  Plaintiff/Counterclaim Defendant Thomas F. Schmidt ("Thomas Schmidt") and Damon and Lorinna Schmidt filed their respective oppositions to Fidelity's motions for summary judgment on April 13, 2009, and Fidelity filed its replies on April 27, 2009.

        On May 26, 2009, Damon and Lorinna Schmidt filed a Motion to Dismiss, for Fraud on the Court, Fidelity National Title Insurance Company's Counterclaim and Third-Party Complaint, to Set Aside All Prejudgment Garnishee Orders, for an Award of Attorneys' Fees and Costs, and for the Issuance of an Order to Show Cause Why Fidelity National Title Insurance Company Should Not Be Held in Contempt of Court ("Motion to Dismiss").  In the Ex Parte Motion, Damon and Lorinna Schmidt seek an amendment of the scheduling order to allow a hearing on the Motion to Dismiss and to allow them to depose three witnesses.  They argue that the amendment to the scheduling order is warranted because the Motion to Dismiss and the new depositions are "based upon newly discovered evidence in the form of belated document production by" Fidelity.  [Ex Parte Motion, Decl. of Gary Victor Dubin at ¶ 3.]  Further, Damon and Lorinna Schmidt argue that they filed the Ex Parte Motion nineteen weeks before the trial date, and earlier

dispositive motions deadlines in this case were between sixteen and twenty weeks before the trial date at the time and earlier discovery deadlines were eight weeks before trial.  The Ex Parte Motion also cites reasons set forth in the Motion to Dismiss. [Id. at ¶ 10.]

In the Motion to Dismiss, Damon and Lorinna Schmidt allege that

> *just recently* . . . Fidelity finally produced a few requested, long overdue documents to Thomas, which prove that Fidelity in fact actually was not negligent at all, but that its title search before loan closing did specifically identify at least five of the above six referenced liens on Lot 71B that eventually took priority over Option One and its insured's recorded position, yet for reasons yet to be determined, Fidelity's escrow and title department in Honolulu went ahead with the closing nonetheless - defrauding the Schmidts and Option One.

[Motion to Dismiss, Mem. in Supp. of Motion at ¶ 10.]  The primary document at issue is a three-page document bate-stamped F 000233 - F 000235.[1]  Thomas Schmidt received the document in response to his request for production of documents.  [Id. at ¶ 12.]  Damon and Lorinna Schmidt argue that the significance of the document did not come to light until the May 18, 2009 hearing on Thomas Schmidt's Motion for Order Compelling Defendant Fidelity National Title Insurance Company to Produce in

---

[1] The preliminary title report and the three additional pages are attached to the Motion to Dismiss as Exhibit 3 and Exhibit 8, respectively, to the Declaration of Gary Victor Dubin.

4

Unredacted Form Certain Documents Previously Produced Only in Redacted Form and to Produce Documents Not Previously Produced at All, Because of Invalid Claims of Privilege or Work Product, filed April 6, 2009 ("Motion to Compel").  [Id. at ¶ 19.]

In the Motion to Strike, Fidelity first argues that the Ex Parte Motion should be stricken as procedurally defective. The Ex Parte Motion is based on arguments in the Motion to Dismiss, which is not properly before the Court because it was not timely filed.  Further, the Ex Parte Motion cites Local Rule 6.2(e),[2] which is inapplicable.  Finally, Fidelity argues that the Ex Parte Motion is an untimely request for a continuance pursuant to Federal Rule of Civil Procedure 56(f).

In the alternative, Fidelity argues that the Ex Parte Motion should be denied on the merits because Fidelity produced the allegedly newly discovered evidence on December 23, 2008. [Motion to Strike, Decl. of David E. Austin, Exh. A (Transmittal Memo dated 12/23/08).]  Further, Thomas Schmidt submitted the same documents and raised substantively similar arguments to those raised in the Motion to Dismiss in his opposition to Fidelity's motions for summary judgment.  He characterized bates-stamped pages F 000233 to F 000235 as an addendum to the

---

[2] Local Rule 6.2(e) states: "Applications for orders shortening the time permitted or required for filing any paper or pleading or complying with any requirement under the Federal Rules of Civil Procedure shall be supported by a certificate stating the reasons therefor."

preliminary title report.  [Concise Stat. of Facts in Opp. to Motions, Decl. of Thomas F. Schmidt, filed 4/13/09 (dkt. No. 269-2), at ¶ 26.]  Thomas Schmidt argued that the addendum is one of the pieces of evidence establishing that Fidelity was negligent in its title search.  [Pltf.'s Mem. in Opp. to Fidelity's Three Motions for Partial Summary Judgment, filed 4/13/09 (dkt. 268), at 27-28.]  Insofar as the arguments in the Motion to Dismiss are a mere re-working of Thomas Schmidt's prior arguments, Fidelity argues that there is no good cause to allow an extension of time to file dispositive motions.

## DISCUSSION

### I. Motion to Strike

The Court construes the Ex Parte Motion as a motion to amend the scheduling order.  Thus, although there are procedural irregularities in the Ex Parte Motion, the Court will address the merits of Damon and Lorinna Schmidt's request to amend the scheduling order.  Fidelity's Motion to Strike is therefore DENIED.  The Court will consider the Motion to Strike as Fidelity's opposition to the Ex Parte Motion.

### II. Ex Parte Motion

Insofar as the deadline to file dispositive motions and the deadline to conduct discovery have passed, Damon and Lorinna Schmidt must obtain an amendment of the scheduling order.  A scheduling order "may be modified only for good cause and with

the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

The alleged newly discovered evidence which prompted the Ex Parte Motion is the document bates-stamped pages F 233000 to F 000235. Damon and Lorinna Schmidt argue that Fidelity recently produced this document to Thomas Schmidt and that Fidelity's production was untimely. Damon and Lorinna Schmidt apparently contend that Fidelity's failure to produce the document in a timely manner prevented them from complying with the deadlines in the scheduling order.

First, the production was not recent; Fidelity produced the document on December 23, 2008. Second, Fidelity produced the document as part of its response to Thomas Schmidt's request for

production of documents, dated November 25, 2008.  [Order, filed 6/1/09 (dkt. no. 291), at 4.]  Thus, Fidelity produced the document as part of a timely response to Thomas Schmidt's discovery request.  Damon and Lorinna Schmidt did not file the Ex Parte Motion until five months after Fidelity's production.  That Damon and Lorinna Schmidt failed to recognize the purported significance of the document when they received it does not constitute good cause to amend the scheduling order.

More importantly, Thomas Schmidt did not serve the discovery request until after the expiration of the dispositive motions deadline.  Neither Thomas Schmidt nor Damon and Lorinna Schmidt could have filed a timely dispositive motion based on documents received in response to Thomas' discovery request.  Damon and Lorinna Schmidt, who have been represented by counsel throughout this case, could have served a similar discovery request on Fidelity earlier in the litigation so that they could have filed dispositive motions based upon Fidelity's response.  Damon and Lorinna Schmidt, however, apparently did not do so.

In addition, Damon and Lorinna Schmidt apparently received the document at issue well before the discovery deadline.[3]  Thus, they could have conducted the three depositions

---

[3] Damon and Lorinna Schmidt do not state when they obtained the document from Thomas.  Personal conflicts aside, Thomas Schmidt and Damon and Lorinna Schmidt share the same legal interests in this case and they appear to be cooperative.  This
(continued...)

they now request before the discovery deadline.

This Court finds that Damon and Lorinna Schmidt were not diligent because they did not timely request relevant discovery from Fidelity and, even once they received the document in question, they did not act upon it in a timely manner.  The Court therefore finds that Damon and Lorinna Schmidt have not established good cause to amend the scheduling order.

## **CONCLUSION**

On the basis of the foregoing, Damon and Lorinna Schmidt's Ex Parte Motion to Suspend Pretrial Deadlines to Permit (1) Hearing of "Motion to Dismiss, for Fraud on the Court, Fidelity National Title Insurance Company's Counterclaim and Third-Party Complaint, to Set Aside All Pre-Judgment Garnishee Orders, for an Award of Attorneys' Fees and Costs, and for the Issuance of an Order to Show Cause Why Fidelity National Title Insurance Company Should Not Be Held in Contempt of Court," and (2) Taking of Related Depositions, filed May 26, 2009, and Fidelity's Motion to Strike, filed May 29, 2009, are HEREBY DENIED.

IT IS SO ORDERED.

---

[3](...continued)
Court therefore assumes that Damon and Lorinna Schmidt received or had access to the document within a reasonable amount of time after Fidelity produced it to Thomas Schmidt.

DATED AT HONOLULU, HAWAII, June 18, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**THOMAS F. SCHMIDT V. FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL., ETC; CIVIL NO. 07-00356 HG-LEK; ORDER DENYING MOTION TO SUSPEND PRETRIAL DEADLINES AND DENYING MOTION TO STRIKE**