IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII`I

| | |
|---|---|
| THOMAS F. SCHMIDT, ) | CIVIL NO. 07-00356 HG-LEK |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY, a ) | |
| California Corporation, JOHN ) | |
| DOES 1-10, JANE DOES 1-10, ) | |
| DOE CORPORATIONS, ) | |
| PARTNERSHIPS and/or OTHER ) | |
| ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| FIDELITY NATIONAL TITLE ) | |
| INSURANCE COMPANY, a ) | |
| California Corporation, ) | |
| ) | |
| Defendant/Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAMON L. SCHMIDT and LORINNA ) | |
| SCHMIDT, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |

**REPORT OF SPECIAL MASTER ON DEFENDANT'S
MOTION FOR ATTORNEYS' FEES**

Before the Court, pursuant to a designation by Chief United States District Judge Helen Gillmor, is Defendant Fidelity National Title Insurance Company's ("Defendant") Motion for Attorneys' Fees ("Motion"), filed on January 14, 2009.  Defendant requests an award of $11,871.19 in attorneys' fees.  Plaintiff

Thomas Schmidt ("Plaintiff") did not file a memorandum in opposition.  Defendant filed its reply on March 4, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing Defendant's submissions and the relevant case law, the Court FINDS and RECOMMENDS that Defendant's Motion be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Defendant $11,843.97 in attorneys' fees.

### BACKGROUND

On June 3, 2007, Plaintiff filed a Complaint against Defendant asserting two causes of action based on Defendant's failure to identify a judgment lien placed on property purchased by the Plaintiff and his former wife, Third-Party Defendant Lorinna Schmidt.  Plaintiff's first cause of action alleged breach of a title insurance policy issued to Plaintiff's lender, Option One Mortgage Corporation ("Option One").  Plaintiff's second cause of action alleged that Defendant was negligent in failing to report to Plaintiff that there was a judgment lien entered against the property.  Plaintiff contended that, had he known of the judgment lien, he would not have purchased the property.  Plaintiff sought return of the monies he paid for the property, $1,100,000 borrowed from Option One, plus approximately

$800,000 that he expended from his funds.

On March 14, 2008, Defendant filed a motion for partial summary judgment.  On April 10, 2008, Lorinna Schmidt filed a memorandum in opposition to Defendant's motion for partial summary judgment, in which Plaintiff joined.  Plaintiff and Lorinna Schmidt separately filed numerous declarations in support of the memorandum in opposition.  On April 17, 2008, Defendant filed its reply.

On June 24, 2008, the district judge granted Defendant's motion for partial summary judgment and dismissed Plaintiff's Complaint with prejudice.  The district judge ruled that Plaintiff's contract claim failed because he did not establish that he was an intended third-party beneficiary of the insurance policy between Defendant and Option One, nor did he establish that an implied contract existed between him and Defendant.  The district judge ruled that Plaintiff's tort claim also failed, finding that Defendant owed no express or implied duty toward Plaintiff.  The counterclaim and third-party claims remain.

## DISCUSSION

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).

Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Haw. 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

**I.   Applicability of Haw. Rev. Stat. § 607-14**

Defendant seeks $11,871.19 in attorneys' fees pursuant to Haw. Rev. Stat. § 607-14, which states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  See Porter v. Hu, 116 Haw. 42, 66, 169 P.3d 994, 1018 (Ct. App. 2007) (citing Blair v. Ing, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001)).

### A. Prevailing Party

The Hawaii courts have noted that "'[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. . . .'" MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); see also Village Park Cmty. Ass'n v. Nishimura, 108 Haw. 487, 503, 122 P.3d 267, 283 (Ct. App. 2005) (quoting MFD Partners). Thus, under Hawaii law, in order to be deemed the prevailing party for purposes of § 607-14, Defendant must have obtained final judgment in its favor. Accord Kamalu v. Paren, Inc., 110 Haw. 269, 278, 132 P.3d 378, 387 (2006) ("In sum, a prevailing party having 'obtained' 'a final judgment' 'against the State,' we hold that the court may award the prevailing party its 'actual disbursements' pursuant to [Haw. Rev. Stat.] §§ 607-9 and 607-24 . . . ."). Insofar as no final judgment has been issued in this case, Defendant's Motion is premature.

The district judge, however, granted Defendant's motion for partial summary judgment and dismissed Plaintiff's Complaint with prejudice. Once final judgment is entered pursuant to the district judge's order, Defendant will be the prevailing party.

### B. Assumpsit Claims

Plaintiff's Complaint asserted two claims against Defendant: breach of a contract and negligence.  As the prevailing party, Defendant is entitled to the attorneys' fees it incurred in connection with the defense of any claims that were in the nature of assumpsit.

> In deciding whether a claim is "in the nature of assumpsit," the Hawaii Supreme Court has stated:
>> Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi-contractual obligations.  In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action.  In ascertaining the nature of the proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court.  The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought.  Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit.

Porter, 116 Haw. at 66, 169 P.3d at 1018 (quoting Blair, 96 Haw. at 332, 31 P.3d at 189).

In the instant case, Plaintiff's claim of breach of contract is in the nature of assumpsit, but his negligence claim sounds in tort law.

    **C.**    **Apportionment**

Defendant's Motion included an invoice reflecting the attorneys' fees billed to Defendant, but the invoice did not

6

apportion time between the contract and the negligence claims. [Motion, Decl. Of Lerisa L. Heroldt ("Heroldt Decl."), Exh. 1.] The Hawaii Intermediate Court of Appeals ("ICA") has stated that:

> When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action.  However, the joinder of causes of action should not dilute the right to attorney fees.  Such fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not.  All expenses incurred on the common issues qualify for an award.  When the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required.

Porter, 116 Haw. at 69, 169 P.3d at 1021 (quoting Akins v. Enter. Rent-A-Car Co., 94 Cal. Rptr. 2d 448, 452 (2000)).  In Porter, the ICA noted that the plaintiffs' claims "were based on a common core of facts, occurred roughly within the same two-month span of time, and were based on similar legal theories[,]" and that "counsels' time was devoted largely to the litigation as a whole and not divisible into discrete slivers neatly matching each claim advanced."  Id.  The ICA held that the circuit court did not abuse its discretion in awarding the plaintiffs fifty percent of their requested fees for their Haw. Rev. Stat. Chapter 481A claim, id. at 70, 169 P.3d at 1022, even though it was only one of several claims, see id. at 47-48, 169 P.3d at 999-1000 (listing claims).

7

This Court finds that Plaintiff's negligence claim is inextricably linked to his contract claim, because the two claims were both derived from a common nucleus of operative fact, namely Defendant's failure to identify the judgment lien entered against the property purchased by Plaintiff.  This Court finds that all of Defendant's attorneys' fees incurred working on Plaintiff's contract claim and negligence claim arose from common issues and facts so that it would be impossible to apportion the fees between the assumpsit and non-assumpsit claim.  This Court therefore concludes that it is unnecessary to apportion the work performed by Defendant's counsel, for purposes of § 607-14.

## II.  **Calculation of Award**

Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 110 Haw. 217, 222, 131 P.3d 500, 505 (2006).  The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 222-23, 131 P.3d at 505-06.  In addition, Hawaii courts may consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out

> of the transaction, and in which there is a
> reasonable expectation that otherwise he would be
> employed, or will involve the loss of other
> employment while employed in the particular case
> or antagonisms with other clients; (3) the
> customary charges of the Bar for similar services;
> (4) the amount involved in the controversy and the
> benefits resulting to the client from the
> services; (5) the contingency or the certainty of
> the compensation; and (6) the character of the
> employment, whether casual or for an established
> and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of HAWAII`I, 106 Haw. 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).  These factors, however, are merely guides; courts need not consider them in every case.  See id.  In certain types of cases, some of these factors may justify applying a multiplier to the "lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret. Sys. of HAWAII`I, 92 Haw. 432, 442, 992 P.2d 127, 137 (2000).

Defendant requests the following lodestar amount for work counsel performed in connection with its motion for partial summary judgment and reply:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Jade Lynne Ching | 4.7 | $260 | $ 1,222.00 |
| Lerisa L. Heroldt | 59.5 | $170 | $10,115.00 |
| | | Subtotal | $11,337.00 |
| | State Excise Tax of 4.712% | | $   534.19 |
| | **TOTAL REQUESTED LODESTAR** | | **$11,871.19** |

[Exh. 2 to Heroldt Decl.]

Ms. Ching was admitted to the Hawaii bar in 1992.

9

[Heroldt Decl. at ¶ 8a.]  Ms. Heroldt was admitted to the Hawaii bar in 2001.  [Id. at ¶ 8b.]

### A. **Reasonable Hourly Rate**

The Hawaii courts determine reasonable hourly rates in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Haw. at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in

the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). Defendant submitted a Pacific Business News listing of the reported hourly rates for partners and associates in the top twenty-five Hawaii law firms. [Exh. 3 to Heroldt Decl.]

Ms. Ching's principal practice since her admission to the Hawaii bar has been in the areas of commercial and real estate litigation. [Heroldt Decl. at ¶ 8a.] Ms. Heroldt's principal practice since her admission to the Hawaii bar has been in the area of civil litigation. [Id. at ¶ 8b.] Ms. Heroldt states that both attorneys' hourly rates are less than their current normal hourly rates and are well within the range of reasonable hourly rates for attorneys with similar experience in the community. [Id. at ¶¶ 8a-b, Exh. 3]

Based on Defendant's submissions and this Court's knowledge of the prevailing rates in the community for similar services performed by attorneys with comparable experience, this Court finds the requested hourly rates of $260 for Ms. Ching and $170 for Ms. Heroldt are manifestly reasonable.

B.   **Hours Reasonably Expended**

For the reasons stated in Section II.A., this Court

11

finds federal case law instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)(citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### 1.   Clerical or ministerial work

Clerical or ministerial tasks are part of an attorney's overheard and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).

This Court finds that the request for 4.7 hours of work

performed by Ms. Ching was sufficiently documented, and that the hours were reasonably incurred except for the time expended on April 3, 2008. With regard to the work performed on April 3, 2008, this Court finds that reviewing a court order notifying the parties that the hearing set for Defendant's motion for summary judgment will be vacated is clerical in nature. This Court finds that Ms. Ching's request should be reduced to 4.6 hours.

This Court finds that the request for 59.5 hours of work performed by Ms. Heroldt was sufficiently documented, and that the hours were reasonably incurred.

### C. Total Lodestar Award

Based on the foregoing, this Court finds that Defendant has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Jade Lynne Ching | 4.6 | $260 | $ 1,196.00 |
| Lerisa L. Heroldt | 59.5 | $170 | $10,115.00 |
| | | Subtotal | $11,311.00 |
| | State Excise Tax of 4.712% | | $   532.97 |
| | | **TOTAL** | **$11,843.97** |

This Court finds it unnecessary to adjust the award amount based on the factors articulated in Chun. See 106 Haw. at 435, 106 P.3d at 358.

Section 607-14 limits the award of attorneys' fees to

13

twenty-five percent of the judgment.  The fee award is "assessed . . . upon the amount sued for if the defendant obtains judgment."  Haw. Rev. Stat. § 607-14.  Plaintiff's Complaint specifies that he sought $1,900,000 in damages.  The recommended award of attorneys' fees is within twenty-five percent of that amount.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, HEREBY FINDS and RECOMMENDS that Defendant's Motion for Attorneys' Fees filed January 14, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that, after the entry of judgment, the district judge award Defendant $11,843.97 in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, June 30, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**THOMAS F. SCHMIDT V. FIDELITY NATIONAL TITLE INSURANCE COMPANY, ETC.; CIVIL NO. 07-00356 HG-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES**