IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS F. SCHMIDT, | ) | CIVIL NO. 07-00356 HG-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS and/or OTHER ENTITIES 1-10, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| DAMON L. SCHMIDT and LORINNA SCHMIDT, | ) ) ) | |
| Third-Party Defendants. | ) ) ) | |
| _____ | ) ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | |
| Counter Claimant, | ) ) ) | |
| vs. | ) ) | |
| THOMAS F. SCHMIDT, | ) ) | |
| Counterclaim Defendant. | ) ) ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S JUNE 18, 2009, ORDER DENYING MOTION TO SUSPEND PRETRIAL DEADLINES AND DENYING MOTION TO STRIKE (DOC. 297)**

**AND**

**ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S JUNE 18, 2009, FINDINGS AND RECOMMENDATION TO DENY THIRD-PARTY DEFENDANTS' MOTION TO DISMISS (DOC. 298)**

Thomas Schmidt filed suit against Fidelity National Title Insurance Co. ("Fidelity"), alleging breach of contract and negligence regarding Fidelity's involvement in the sale of disputed property. Fidelity filed a Counterclaim against Thomas Schmidt, and a Third-Party Complaint against Lorinna Schmidt and Damon Schmidt.

Third-Party Defendants Lorinna Schmidt and Damon Schmidt now appeal Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Order Denying Motion to Suspend Pretrial Deadlines and Denying Motion to Strike. Third-Party Defendants also object to Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Findings and Recommendation to Deny Third-Party Defendants' Motion to Dismiss.

For the reasons set forth below, the Court **AFFIRMS** Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Order Denying Motion to Suspend Pretrial Deadlines and Denying Motion to Strike. (Doc. 297.) The Court also **ADOPTS** Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Findings and Recommendation

to Deny Third-Party Defendants' Motion to Dismiss. (Doc. 298.)

## PROCEDURAL HISTORY

On July 3, 2007, Thomas S. Schmidt filed a Complaint against Fidelity National Title Insurance Company ("Fidelity"). (Doc. 1, "Complaint".)

On July 25, 2007, Fidelity filed an Answer and Counter-Claim against Thomas S. Schmidt. (Doc. 5.) Fidelity also filed a Third-Party Complaint against Lorinna Schmidt and Damon Schmidt ("Third-Party Defendants"). (Doc. 5.)

On June 2, 2008, Fidelity filed a First Amended Answer ("Answer") and First Amended Counterclaim ("Counterclaim") against Thomas Schmidt. (Doc. 99.) Fidelity also filed a First-Amended Third-Party Complaint ("Third-Party Complaint") against Lorinna Schmidt and Damon Schmidt. (Doc. 99.)

On June 18, 2009, Magistrate Judge Leslie E. Kobayashi issued an Order Denying Third-Party Defendants' Motion to Suspend Pretrial Deadlines and Denying Motion to Strike. (Doc. 297, "June 18, 2009, Order".)

On the same day, Magistrate Judge Leslie E. Kobayashi issued Findings and Recommendation to Deny Third-Party Defendants' Motion to Dismiss. (Doc. 298, "June 18, 2009, Findings and Recommendation".)

On June 29, 2009, Third-Party Defendants Lorinna

Schmidt and Damon Schmidt filed a Written Statement of Appeal to Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Order Denying Motion to Suspend Pretrial Deadlines and Denying Motion to Strike. (Doc. 300, "Appeal".)

On the same day, Third-Party Defendants Lorinna Schmidt and Damon Schmidt filed a Written Statement of Objections to Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Findings and Recommendation to Deny Third-Party Defendants' Motion to Dismiss. (Docs. 301, 302, "Objections".)

On July 10, 2009, Fidelity filed an Opposition to Third-Party Defendants Damon Schmidt and Lorinna Schmidt's Written Statement of Appeal and Written Statement of Objections. (Doc. 303, "Opposition".)

## STANDARD OF REVIEW

I. **Appeal of a Magistrate Judge's Order**

A district court may only set aside a magistrate judge's order on appeal if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 74.1. A district judge must affirm a magistrate judge unless it is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r, 979 F.2d 1369, 1370 (9th Cir. 1992). The district court may not simply substitute its judgment for that of the magistrate judge.

Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

**II.   Magistrate Judge's Findings and Recommendation**

A magistrate judge may be assigned to prepare findings and recommendation for a district judge on a matter that is dispositive of a claim. Fed. R. Civ. P. 72(b)(1). If a party objects to the magistrate judge's findings and recommendation, the district court must review *de novo* those portions to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b)(2). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74; Fed. R. Civ. P. 72(b)(3).

*De novo* review means the district court must consider the matter anew, as if the matter had not been heard before and no previous decision rendered. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a *de novo* hearing is not required. United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## **ANALYSIS**

### I.  Written Statement of Appeal

On May 26, 2009, Third-Party Defendants Damon Schmidt and Lorinna Schmidt filed a Motion to Dismiss, for Fraud on the Court, Fidelity National Title Insurance Company's Counterclaim and Third-Party Complaint, to Set Aside All Prejudgment Garnishee Orders, for an Award of Attorneys' Fees and Costs, and for the Issuance of an Order to Show Cause Why Fidelity National Title Insurance Company Should Not Be Held in Contempt of Court. (Doc. 289, "Motion to Dismiss".)

On the same day, Third-Party Defendants filed an "Ex Parte Motion to Suspend Pretrial Deadlines to Permit (1) Hearing of 'Motion to Dismiss for Fraud on the Court, Fidelity National Title Insurance Company's Counterclaim and Third-Party Complaint, to Set Aside All Pre-Judgment Garnishee Orders, for an Award of Attorneys' Fees and Costs, and for the Issuance of an Order to Show Cause why Fidelity National Title Insurance Company Should Not Be Held in Contempt of Court,' and (2) Taking of Related Depositions." (Doc. 288, "Ex Parte Motion".)

In the Ex Parte Motion, Third-Party Defendants moved to amend the Scheduling Order for the case (Docs. 140, 248) in order to (1) allow a hearing on the Motion to Dismiss, and (2) allow Third-Party Defendants to depose three witnesses. The Scheduling Order had set a dispositive motions deadline for November 24,

2008[1], and a discovery deadline for March 30, 2009. (Id.)

Third-Party Defendants argued that an amendment to the Scheduling Order was warranted because of "newly discovered evidence in the form of belated document production" by Fidelity.

On June 18, 2009, Magistrate Judge Leslie E. Kobayashi issued an Order Denying Third-Party Defendants' Motion to Suspend Pretrial Deadlines and Denying Motion to Strike[2]. (Doc. 297, "June 18, 2009, Order".) The Magistrate Judge correctly held that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). If the party seeking the modification has not been diligent, the court should deny the motion to modify the scheduling order. Id.

The Magistrate Judge also correctly held that the "newly discovered evidence" produced by Fidelity was neither

---

[1] Fidelity filed three motions for Partial Summary Judgment on the date of the dispositive motions deadline. (Docs. 152, 155, 156.) The three motions have been fully brief by all parties.

[2] The Magistrate Judge construed Fidelity's "Motion to Strike or, in the Alternative, Opposition to Third-Party Defendants' Ex Parte Motion" (Doc. 290) as an opposition memorandum. For this reason, the June 18, 2009, Order correctly denied Fidelity's Motion to Strike and addressed the merits of Third-Party Defendants' Ex Parte Motion. (June 18, 2009, Order at 6.)

recently produced nor untimely. The document, bates-stamped pages F 233000 to F 000235, was produced on December 23, 2008, in response to Thomas Schmidt's November 25, 2008, request for the production of documents. (June 18, 2009, Order at 7-8.)

Third-Party Defendants Damon and Lorinna Schmidt did not file the Ex Parte Motion until approximately five months after Fidelity's production of the document. Third-Party Defendants received the "newly discovered evidence" well before the discovery deadline, and had ample opportunity to conduct the three depositions within the schedule set forth by the Court. (Id. at 8.)

For these reasons, the Court holds that the Magistrate Judge correctly held that Third-Party Defendants Damon Schmidt and Lorinna Schmidt did not establish good cause in order to amend the Scheduling Order. The Court **AFFIRMS** Magistrate Judge Leslie E. Kobayashi's June 18, 2009, "Order Denying Motion to Suspend Pretrial Deadlines and Denying Motion to Strike." (Doc. 297.) The Court **DENIES** Third-Party Defendants Lorinna Schmidt and Damon Schmidt's Written Statement of Appeal. (Doc. 300.)

## II. Written Statement of Objections to the Findings and Recommendation of June 18, 2009

On June 18, 2009, Magistrate Judge Leslie E. Kobayashi issued Findings and Recommendation to Deny Third-Party Defendants' Motion to Dismiss. (Doc. 298, "June 18, 2009,

Findings and Recommendation".) The Magistrate Judge correctly held that Third-Party Defendants' Motion to Dismiss had been filed approximately six months after the expiration of the November 24, 2008, dispositive motions deadline. The Magistrate Judge also correctly held, in a prior order, that Third-Party Defendants had not established good cause in order to amend the Scheduling Order. (See Doc. 297, "June 18, 2009, Order".)

For this reason, the Court **ADOPTS** Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Findings and Recommendation to Deny Third-Party Defendants' Motion to Dismiss. (Doc. 298.) The Court **DENIES** Third-Party Defendants Lorinna Schmidt and Damon Schmidt's Written Statement of Objections. (Docs. 301, 302.)

**CONCLUSION**

The Court **AFFIRMS** Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Order Denying Motion to Suspend Pretrial Deadlines and Denying Motion to Strike. (Doc. 297.) The Court **DENIES** Third-Party Defendants Lorinna Schmidt and Damon Schmidt's Written Statement of Appeal. (Doc. 300.)

The Court **ADOPTS** Magistrate Judge Leslie E. Kobayashi's June 18, 2009, Findings and Recommendation to Deny Third-Party Defendants' Motion to Dismiss. (Doc. 298.) The Court **DENIES** Third-Party Defendants Lorinna Schmidt and Damon Schmidt's

Written Statement of Objections. (Docs. 301, 302.)

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, August 31, 2009.



       /S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

THOMAS F. SCHMIDT V. FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.; CIVIL NO. 07-00356 HG-LEK; **ORDER AFFIRMING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S JUNE 18, 2009, ORDER DENYING MOTION TO SUSPEND PRETRIAL DEADLINES AND DENYING MOTION TO STRIKE (DOC. 297); ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S JUNE 18, 2009, FINDINGS AND RECOMMENDATION TO DENY THIRD-PARTY DEFENDANTS' MOTION TO DISMISS (DOC. 298)**