IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS F. SCHMIDT,                              )<br>                                                )<br>          Plaintiffs,                           )<br>                                                )<br>     vs.                                        )<br>                                                )<br>FIDELITY NATIONAL TITLE                         )<br>INSURANCE COMPANY, a                            )<br>California Corporation, JOHN                     )<br>DOES 1-10, JANE DOES 1-10, DOE                  )<br>CORPORATIONS, PARTNERSHIPS                       )<br>and/or OTHER ENTITIES 1-10,                     )<br>                                                )<br>          Defendants.                           )<br>                                                )<br>_____ )<br>                                                )<br>FIDELITY NATIONAL TITLE                         )<br>INSURANCE COMPANY,                              )<br>                                                )<br>          Third-Party                           )<br>          Plaintiff,                            )<br>                                                )<br>     vs.                                        )<br>                                                )<br>DAMON L. SCHMIDT and LORINNA                     )<br>SCHMIDT,                                        )<br>                                                )<br>          Third-Party                           )<br>          Defendants.                           )<br>_____ )<br>                                                )<br>FIDELITY NATIONAL TITLE                         )<br>INSURANCE COMPANY,                              )<br>                                                )<br>          Counter Claimant,                     )<br>                                                )<br>     vs.                                        )<br>                                                )<br>THOMAS F. SCHMIDT,                              )<br>                                                )<br>          Counterclaim                          )<br>          Defendant.                            )<br>_____ ) | CIVIL NO. 07-00356 HG-LEK |

**ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S FEBRUARY 5, 2009 FINDINGS AND RECOMMENDATION AS MODIFIED (DOC. 246)**

**AND**

**GRANTING FIDELITY'S MOTION TO STRIKE THIRD-PARTY DEFENDANTS' COUNTERCLAIM IN ITS ENTIRETY (Doc. 204)**

Thomas Schmidt filed suit against Fidelity National Title Insurance Co. ("Fidelity"), alleging breach of contract and negligence regarding Fidelity's involvement in the sale of disputed property.  Fidelity filed a Counterclaim against Thomas Schmidt, and a Third-Party Complaint against Lorinna Schmidt and Damon Schmidt ("Third-Party Defendants").  Fidelity later sought leave from the Court and filed a First Amended Counterclaim against Thomas Schmidt and a First Amended Third-Party Complaint against Third-Party Defendants.  Third-Party Defendants filed an Answer to Fidelity's First Amended Third-Party Complaint and a Counterclaim against Fidelity for abuse of process.  Fidelity filed a Motion to Strike Third-Party Defendants' Counterclaim.

Third-Party Defendants now object to Magistrate Judge Leslie E. Kobayashi's February 5, 2009, Findings and Recommendation to Grant in Part and Deny in Part Fidelity's Motion to Strike Third-Party Defendants' Counterclaim.

For the reasons set forth below, the Court **ADOPTS** and **MODIFIES** Magistrate Judge Leslie E. Kobayashi's February 5, 2009, Findings and Recommendation. (Doc. 246.)

**PROCEDURAL HISTORY**

2

On July 3, 2007, Thomas S. Schmidt filed a Complaint against Fidelity National Title Insurance Company ("Fidelity"). (Doc. 1, "Complaint".)

On July 25, 2007, Fidelity filed an Answer and Counter-Claim against Thomas S. Schmidt. (Doc. 5.) Fidelity also filed a Third-Party Complaint against Lorinna Schmidt and Damon Schmidt ("Third-Party Defendants"). (Doc. 5.)

On June 2, 2008, Fidelity filed a First Amended Answer ("Answer") and First Amended Counterclaim ("Counterclaim") against Thomas Schmidt. (Doc. 99.) Fidelity also filed a First-Amended Third-Party Complaint ("Third-Party Complaint") against Third-Party Defendants. (Doc. 99.)

On December 8, 2008, Third-Party Defendants filed an Answer to Fidelity's First Amended Third-Party Complaint and a Counterclaim for abuse of process. (Doc. 194.)

On December 29, 2008 Fidelity filed a Motion to Strike Third-Party Defendants' Counterclaim. (Doc. 204.)

On February 5, 2009, Magistrate Judge Leslie E. Kobayashi issued Findings and Recommendation to Grant in Part and Deny in Part Fidelity's Motion to Strike Third-Party Defendants' Counterclaim. (Doc. 246, "February 5, 2009, Findings and Recommendation".)

On February 17, 2009, Third-Party Defendants filed a Written Statement of Objections to Magistrate Judge Leslie E.

3

Kobayashi's February 5, 2009, Findings and Recommendation to Grant in Part and Deny in Part Fidelity's Motion to Strike Third-Party Defendants' Counterclaim. (Doc. 252, "Objections".)

On February 27, 2009, Fidelity filed a Memorandum in Opposition to Third-Party Defendants' Objections to Magistrate's Findings and Recommendation to Grant in Part and Deny in Part Fidelity's Motion to Strike Third-Party Defendants' Counter-Claim. (Doc. 258, "Opposition".)

## STANDARD OF REVIEW

### I.   The Magistrate Judge's Findings and Recommendation

A magistrate judge may be assigned to prepare findings and recommendation for a district judge on a matter that is dispositive of a claim. Fed. R. Civ. P. 72(b)(1). If a party objects to the magistrate judge's findings and recommendation, the district court must review de novo those portions to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b)(2). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74; Fed. R. Civ. P. 72(b)(3).

De novo review means the district court must consider the matter anew, as if the matter had not been heard before and

4

no previous decision rendered. <u>Ness v. Commissioner</u>, 954 F.2d 1495, 1497 (9th Cir. 1992). The district court must arrive at its own independent conclusion about those portions to which objections are made, but a *de novo* hearing is not required. <u>United States v. Remsing</u>, 874 F.2d 614, 617-18 (9th Cir. 1989).

## **ANALYSIS**

### I.   **Federal Rule of Civil Procedure Rule 16**

This Court's Rule 16 Scheduling Order set a deadline of February 8, 2008 to file motions to amend the pleadings. On April 8, 2008, Fidelity sought leave to amend the Scheduling Order to permit the filing of a First Amended Counterclaim against Thomas Schmidt and a First Amended Third-Party Complaint against Third-Party Defendants. The Court granted Fidelity's Motion for Leave to Amend on May 22, 2008. On June 2, 2008, Fidelity filed its First Amended Counterclaim against Thomas Schmidt and a First Amended Third-Party Complaint against Third-Party Defendants. On December 10, 2008, Third-Party Defendants filed their Answer to Fidelity's First Amended Third-Party Complaint. On that same day, Third-Party Defendants asserted a Counterclaim against Fidelity for the first time.

To amend their original Answer and file a counterclaim, Third-Party Defendants were required to request leave to modify the Scheduling Order to permit the filing of a motion to amend

the pleadings from the Court.  To be successful, Third-Party
Defendants would have had to establish that they had "good cause"
to amend the Scheduling Order under Federal Rule of Civil
Procedure 16(b)(4).  The Magistrate Judge correctly found that
paragraphs 3 through 31 of Third-Party Defendants' Counterclaim
should be stricken where Third-Party Defendants: (1) failed to
move the Court for permission to modify the Scheduling Order; and
(2) failed to establish that they would otherwise have had "good
cause" to amend the Scheduling Order under Rule 16(b)(4).

## II.  The Remaining Allegations

The Magistrate Judge found that Third-Party Defendants:
(1) "were required to obtain leave of court to amend their
original Answer to the Third-Party Complaint to allege an abuse
of process counterclaim;" and (2) admitted during the hearing on
Fidelity's Motion that they made a "tactical decision not to
pursue their abuse of process counterclaim when they originally
obtained evidence that they believed gave rise to the claim."
The Magistrate Judge, however, held that Third-Party Defendants
"did not need to obtain leave of court to assert an abuse of
process counterclaim based on the [] allegations" in paragraphs
32 and 33, finding that the allegations were "a proper response
to the new claims in the First Amended Third-Party Complaint."

The Court holds that the Counterclaim is stricken in

its entirety, including paragraphs 32 and 33, and paragraphs 34
through 37.

Under Federal Rule of Civil Procedure 13(a), an answer
must set forth a compulsory counterclaim.  Where a party fails to
assert a compulsory counterclaim, the court "may permit [the]
party to amend [the] pleading to add a counterclaim if it was
omitted through oversight, inadvertence, or excusable neglect or
if justice so requires."  Fed. R. Civ. P. 13(f).

Additionally, under Rule 15(a)(2), if twenty days have
passed after service of an answer, a party must obtain leave from
the court to amend its answer.  Fed. R. Civ. P. 15(a)(2).  A
court should grant leave to amend under Rule 15(a)(2) "when
justice so requires."  See Fed. R. Civ. P. 15(a)(2). After the
original answer is filed and the twenty-day grace period has
expired, a subsequently filed counterclaim is an amendment to the
original answer.  See Chrysler Corp. v. Fedders Corp., 540 F.
Supp. 706, 712-15 (S.D.N.Y. 1982).

Finally, the Ninth Circuit Court of Appeals has held
that once the deadline set forth in a Rule 16 Scheduling Order
for amendment of pleadings has passed, Rule 16 – not Rule 15(a) –
governs whether the amendment will be allowed.  Johnson v.
Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).
A party wishing to amend its pleading must, therefore, comply
with the deadline imposed by the district court's scheduling

order or show good cause for failing to do so.

     In this case, both Fidelity and Third-Party Defendants
agreed that the abuse of process claim was a compulsory
counterclaim.  The Magistrate Judge correctly held that, as to
paragraphs 3 through 31, Third-Party Defendants did not allege
that their abuse of process claim was omitted because of
oversight, inadvertence, or excusable neglect, nor could they
establish that "justice requires" the Court to grant them leave
to assert the claim.

     The Court further holds that the entire counterclaim is
stricken.  Regarding paragraphs 32 and 33, the Court finds that,
as the Magistrate Judge found with respect to paragraphs 3
through 31, paragraphs 32 and 33 also pertain to events that
occurred well before the February 8, 2008 deadline to amend the
pleadings.  Specifically, these paragraphs discuss Fidelity's act
of instituting garnishment proceedings on behalf of Option One,
which took place in July and September of 2007.  Paragraphs 34
through 37 allege the elements of abuse of process and are
likewise based on events that occurred prior to the deadline to
amend the pleadings.

     The Court also finds that Third-Party Defendants had
ample time and opportunity to seek leave to amend the pleadings
to assert their counterclaim and failed to do so.  Indeed,
although Third-Party Defendants opposed Fidelity's Motion to

Amend the pleadings, which the Court granted on May 22, 2008, they did not seek leave to file a counterclaim in response. Third-Party Defendants were also well-aware of the contents of the proposed Amended Third-Party Complaint, and the fact that it asserted the claims of Option One, because it was attached to Fidelity's Motion to Amend.  It was not until December 1, 2008, nearly seven months after the Court granted Fidelity's Motion to Amend, that Third-Party Defendants filed their counterclaim. Third-Party Defendants, furthermore, admitted during the hearing on this matter that their decision not to initially pursue the counterclaim was a tactical decision.

Accordingly, the Court finds that Third-Party Defendants: (1) cannot establish that they have "good cause" to amend the Court's Scheduling Order pursuant to Rule 16; and (2) cannot establish that "justice requires" the Court to grant them leave to assert their abuse of process claim under Rule 13. Accordingly, the counterclaim is stricken.

For these reasons, the Court **ADOPTS** Magistrate Judge Leslie E. Kobayashi's February 5, 2009 Findings and Recommendation **AS MODIFIED** (Doc. 246) and **GRANTS** Fidelity's Motion to Strike Third-Party Defendants' Counterclaim in its entirety.

## CONCLUSION

The Court **ADOPTS** Magistrate Leslie E. Kobayashi's February 5, 2009 Findings and Recommendation to Grant in Part and Deny in Part Fidelity's Motion to Strike Third-Party Defendants' Counterclaim **AS MODIFIED** (Doc. 246) and **GRANTS** Fidelity's Motion to Strike Third-Party Defendants' Counterclaim (Doc. 204) in its entirety.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, September 21, 2009.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

THOMAS F. SCHMIDT V. FIDELITY NATIONAL TITLE INSURANCE COMPANY, ET AL.; CIVIL NO. 07-00356 HG-LEK; **ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S FEBRUARY 5, 2009 FINDINGS AND RECOMMENDATION AS MODIFIED (DOC. 246) AND GRANTING FIDELITY'S MOTION TO STRIKE THIRD-PARTY DEFENDANTS' COUNTERCLAIM IN ITS ENTIRETY (DOC. 204).**